# Collier and Wife *v.* Falk *et al.*

*Appeal from Order dissolving Injunction.*

1. *Bill to enjoin collection of judgment; who, not proper party to.*—The sheriff should not be made a defendant to a bill to enjoin the collection of a judgment at law, when his only connection with or interest in the case arises out of the discharge of his duties, as executive officer of the court, in the

[Collier v. Falk.]

collection of the execution; the injunction, upon the sheriff's being notified of it, binds him as completely as if he were a party.

2. *Injunction; when properly dissolved.*—A temporary injunction, granted on the allegations of the bill, without notice to the parties adversely interested, is properly dissolved on the denials in the answer of a sole material defendant, fully and positively denying all the allegations, upon which the equity of the bill is rested, unless the facts be such that the court can find therein some good and substantial reason for retaining the injunction.

APPEAL from Chancery Court of Morgan.

Heard before Hon. H. C. SPEAKE.

This is an appeal from an order of the chancellor dissolving an injunction, granted on bill filed by Collier and his wife, against the appellee Falk, and Wiggins, the sheriff, to restrain the collection of a judgment in favor of Falk against Collier and his wife, an execution on which was then in the sheriff's hands.

The bill alleges, in substance, that complainants had had various dealings with the defendant Falk, who claimed a considerable sum of money of them. There was dispute as to the amount, and Falk brought suit in the Circuit Court against complainants, seeking to subject the statutory estate of the wife in payment of his demand. It was agreed in writing to arbitrate the matter, and the parties selected three arbitrators, who heard the parties, examined witnesses, and made an award in favor of Falk. The bill avers that Falk promised to dismiss the suit and pay the costs, as one of the inducements to arbitration, but failed to do so; and after the award was rendered, took judgment for the amount, without the knowledge of complainants, who supposed the suit had been dismissed; though the bill avers that complainants before the arbitration employed counsel, who appeared for them in the suit. The judgment-entry is made an exhibit to the bill. It states, "this day came the parties by attorneys, and defendants saying nothing in bar or preclusion of plaintiff's demand, but the amount of damages being unknown, thereupon came a jury," &c. Then follows the assessment of damages by the jury, and a judgment for the amount, &c. This judgment-entry recites nothing about the award, and on its face is a simple judgment *nil dicit*.

The bill assails the award as grossly incorrect and unjust, charges misconduct and fraud upon one of the arbitrators, which deceived the other two, and alleged that complainants were inveigled into the arbitration by the chicanery and fraud of Falk, and the person afterwards selected by him as arbitrator, and that this person, though the fact was then unknown to them, was in the employment of Falk. The

[Collier v. Falk.]

circumstances connected with the award, and the facts as to the fraud and misconduct of Falk and the arbitrator selected by him, are set out minutely and at length in a bill containing twenty-seven paragraphs, and it is alleged that the bill was filed as soon as these facts became known.

Falk filed a lengthy sworn answer, denying in detail, fully and flatly, the various allegations upon which the equity of the bill was made to rest; asserted the fairness and correctness of the award, and denied all fraud or misconduct on the part of himself or the arbitrator whom he selected. A bare synopsis of the allegations of the bill and denials of the answer, would unduly lengthen the report of the case, and as questions of fact only are involved, it would serve no useful purpose to give them in full.

The chancellor, on motion in vacation, dissolved the injunction upon the denials in the answer; and this decree is now assigned as error.

HUMES & GORDON, for appellant.

CLARK & HARRIS, contra.

BRICKELL, C. J.—Wiggins, the sheriff, having the executions issued on the judgments at law, and bound to levy them according to their mandate, was improperly made a party defendant to the bill. He is without interest in the controversy, has no right involved in it, and no other connection with it, than that into which his duty as executive officer of the court compels him. There is a manifest impropriety in drawing him into the litigation between the plaintiff and the defendants in the judgments and executions, when he is simply in the discharge of his official duty, and has no right or interest involved. The writ of injunction restraining the enforcement of the judgment, is as effectual, when directed to the plaintiffs in the judgment, as it would be if directed to him and the sheriff; and obedience to it, the sheriff must yield, when notified of it, as fully as if he were a party to the suit.—*Smith v. Rogers*, 1 Stew. & Port. 317; *Shroder v. Walker*, 8 Ala. 244.

Falk is the only material defendant, within whose knowledge every fact that can give the bill equity, (if any it has) rests, and whose rights and interests alone are involved. We have carefully scrutinized the bill and answer, and there is not a fact alleged in the one, which could by possibility invest a court of equity with jurisdiction to arrest the execu-

[Chapman v. Abrahams.]

tion of a judgment at law, not fully and emphatically denied by the other. The principle is too firmly settled, for any special discussion of it, that when a temporary injunction is granted simply on the allegations of the bill, without notice to the parties adversely interested, and the answer of the material defendant within whose knowledge the facts consti-tuting the equity of the bill must lie, fully and positively denies them, the injunction must on motion be dissolved, unless the court can find in the whole case, some good, sub-stantial reason, for retaining it.—1 Brick. Dig. 677, §§ 548-549. There is no fact shown which would have justified the chancellor in retaining the injunction, and he did not err in decreeing its dissolution. Let the decree be affirmed.