69 So.2d 463

**BOBO v. CITY OF FLORENCE.**

8 Div. 652.

Supreme Court of Alabama.

Nov. 5, 1953.

Rehearing Denied Jan. 21, 1954.

Potts & Young, Florence, for appellant.

Mitchell & Poellnitz, Florence, for appellee.

## PER CURIAM.

This cause comes here on appeal from a decree overruling a demurrer to a bill of complaint. The bill seeks an injunction, being mandatory in effect, from violating a zoning ordinance of the City of Florence.

### Assignment of error No. 1.

The bill alleges in several paragraphs specifications of the various circumstances alleged to constitute such violation. Those paragraphs are not set out as alternative reasons for seeking the injunction. The allegations of those paragraphs are as though they constitute one statement of a situation, which it is claimed is sufficient to support the injunction sought. They are conjunctively stated. Sometimes it is necessary at law to prove all the allegations of a count to sustain the cause of action as laid. Mazer v. Brown, Ala.Sup., 66 So.2d 561(14); Hockensmith v. Winton, 11 Ala.App. 670(5), 66 So. 954. But that is not to be confused with the principle well settled that in equity it is not necessary to accurately prove every detail of averment as alleged provided that proof is made of such averments as are essential to the relief sought. Mutual Service Funeral Homes v. Fehler, 257 Ala. 354, 58 So.2d 770; Ellis v. Womack, 247 Ala. 254, 23 So.2d 859. It is not necessary that each paragraph of the bill which contains a statement of facts shall state enough facts to show a violation of the ordinance, when they are not stated in the disjunctive and when other allegations of fact, though in other paragraphs, stated conjunctively in terms and effect, are sufficient when taken all together to sustain the equity of the bill. With that view in mind, the bill in its several paragraphs does not contain separate aspects so as to require each to be sufficient and free from demurrer.

### Assignment of error No. 2.

It is insisted that section VIII of the bill as amended does not contain sufficient allegations to show a violation of section 95 of the ordinance in respect to the alleged obstruction of visibility there set out. Although it may be true as contended, yet the allegation as made is pertinent to show materiality to the matter set up in section VI: that is, that defendant has violated the ordinance by extending his store building ten feet southwardly toward the street, constituting an addition to it, alleged to be in violation of the zoning ordinance which is fully set out as an exhibit to the bill, and especially sections 122, 123 and 124 which are quoted *in haec verba* in the bill.

It is also insisted that the demurrer to that aspect of the bill should have been sustained in which it is alleged that section 124 of the ordinance was violated in that no certificate for occupancy was issued by the inspector as to the new construction. This is paragraph VII of the bill. The objection made in the argument is that there

is no allegation that the new construction *had been used* by the defendant without such a certificate. The allegation is that no such certificate has been issued.

The prayer of the bill is for an injunction from maintaining and occupying the new construction, and for a mandatory injunction requiring defendant to remove said new structure, there described, which had been added without a permit as provided in the zoning ordinance.

An injunction of the use of the property here in question is sought in connection with a mandatory requirement for the removal of the structure. The use of it is subsidiary to its continued existence. If its construction did not violate the ordinance the use of it is not alleged to be of such nature as to be objectionable. In paragraph VI it is shown that the addition did not conform to the ordinance. If that is sufficient to justify a mandatory injunction to remove it the allegation is sufficient to justify an injunction also from using it as a necessary consequence of its removal. It is not necessary to allege that defendant *has used* it in order to support an injunction. But it should show that the act sought to be enjoined will in all probability be committed by defendant. 43 C.J.S., Injunctions, § 182(5)(a), page 859.

If the bill is insufficient in respect to the prayer for an injunction against its use on account of a failure to show a probability that it will be used in violation of the ordinance, it is not so pointed out in the demurrer nor argument.

### Assignment of error No. 3.

This assignment probably refers to paragraph VI of the bill. The argument mentions section 122 of the ordinance as being there alleged to be violated and then proceeds to draw some distinctions between alterations and repairs as contained in other sections of the ordinance. Paragraph VI of the bill is not a separate aspect. There is only one aspect, in that it seeks a mandatory injunction. It is not sought to enjoin the use of the addition except as an incident to its removal. Whether the structure violates any provision of the ordinance which is made a condition precedent to its construction must first be ascertained. The bill must set up facts which show such a violation. In construing the bill in this respect all its allegations should be considered. This clearly appears from paragraph VI in connection with the other allegations.

■ Appellant's counsel next insist that the ordinance is void for uncertainty because it does not clearly appear whether it requires a permit as a condition to making *repairs*. Counsel ask the question whether such provisions apply to repairs, and seek to find some conflict which renders the ordinance void. But we are not concerned with *repairs*. The bill does not allege an act of repairing but of alteration by the addition of ten feet to the store front of the building on the south end of it. That indicates an alteration of the store building by adding to its length, not in the nature of repairs. Such an alteration is prohibited by the ordinance without an inspector's permit. Any uncertainty as to repairs does not affect those features which are certain.

■ It is insisted that the issuance of the permit is left to the caprice of the inspector and therefore due process is not observed. But that is not the nature of the ordinance. Section 123 of the ordinance requires a plan drawn to scale of the proposed alteration, accompanied with much specified information as to details "to ascertain whether the proposed * * * alteration is in conformance with this ordinance". It then requires the issuance of a permit if the proposal is in conformity with its provisions. If the inspector does not approve it, he shall state in writing on the application the cause of such disapproval. No fault, as here insisted on, exists in respect to the ordinance nor its application to the facts alleged.

### Assignment of error No. 4.

■ This is for overruling the demurrer addressed to the bill as a whole.

The argument is that the certificate of the city clerk as to the zoning ordinance shows that there were several amendments to it. They are not set out. The bill alleges that those amendments do not relate to the property of defendant and in no wise affect it.

It is insisted that the allegations of the bill in that respect are insufficient to that end and that the amendments should be set out. It is not necessary for the bill to set out the amendments in full in order to sustain the allegation that they do not relate to the property of defendant here in question. Rose v. City of Andalusia, 249 Ala. 333, 31 So.2d 66.

■■ It is next insisted that the inspector is a necessary party by reason of section 121 of the ordinance, to the effect that the provisions of the ordinance shall be administered and enforced by the inspector, and it gives him the right to make inspections necessary to carry out his duties. That has no reference to court action, but to administrative conduct. As to who are proper parties is a matter of state law not of municipal ordinance. See, 67 C.J.S., Parties, § 2, page 895; 62 C.J.S., Municipal Corporations, § 325(c), page 674; 43 Corpus Juris 453, § 629; 62 C.J.S., Municipal Corporations, § 325; 30 C.J.S., Equity, § 135; 39 Am.Jur. 863, § 11; Collier v. Falk, 61 Ala. 105. This suit is properly brought by the city. Rose v. City of Andalusia, supra.

This discussion responds to all the contentions made in appellant's brief. There is nothing in them which requires a reversal of the decree. It should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur

LAWSON, J., concurs in the result.