218 So.2d 140

STATE of Alabama

v.

CITY WHOLESALE GROCERY CO., Inc.

6 Div. 980.

Supreme Court of Alabama.

Jan. 16, 1969.

MacDonald Gallion, Atty. Gen., Willard W. Livingston and Wm. H. Burton, Asst. Attys. Gen., for appellant.

Jas. C. Barton and Deramus & Johnston, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

This appeal is from a decree entered by the Circuit Court of Jefferson County, Alabama, in Equity, setting aside a State Department of Revenue assessment against City Wholesale Grocery Company, Inc., a Corporation.

The case originated as an appeal taken under Title 51, Sec. 140, Code of Alabama 1940, to the Jefferson County Circuit Court, in Equity, by the appellee (appellant below) from a final assessment of tobacco sales tax and penalties in the total amount of $35,736.85 which was made against the appellee by the Department of Revenue on December 15, 1960, and under the provisions of Title 51, Sec. 718 et seq., Code of Alabama 1940, as amended by Act No. 637, 1959 Acts of Alabama, Vol. 2, p. 1550, 1958 Recompiled Code, 1967 Cum. Pocket Part.

The final assessment was based on alleged violations by the appellee of the Alabama Tobacco Sales Tax Act, particularly Sec. 718, supra, and Sec. 719, as amended by Act No. 296, Vol. 1, p. 590, 1951 Acts of Alabama, 1958 Recompiled Code, and Sections 731 and 732, Code of Alabama 1940.

The appellee, City Wholesale Grocery Company, Inc., is a licensed wholesaler of tobacco products in the State of Alabama. During the period of July and August 1960, State Revenue agents confiscated from some twenty or more retailers in the Jefferson County area a large number of packages of cigarettes which it was alleged had counterfeit or bogus state revenue stamps attached. Some 1400 of these individual packages of cigarettes confiscated as contraband were taken from retailers who had allegedly purchased them from appellee either directly or indirectly. It was also alleged that of the approximately 1400 confiscated packages of cigarettes which had stamps affixed to them, all had spurious or counterfeit state stamps; and of those stamps which had been canceled, as provided by law, with an assigned cancellation number, the number "9" appeared on them. The number "9" was admittedly the cancellation number assigned to the appellee as a licensed wholesaler of tobacco products.

The trial court, sitting without a jury, entered a decree in favor of the appellee which set aside the final assessment made by the Department of Revenue. From that decree, the Revenue Department takes this appeal.

As noted above, this case originated as an appeal taken under Title 51, Sec. 140, Code of Alabama 1940. After setting out, among other things, under what circumstances an appeal may be taken, said section provides: "* * * The assessment made by the department of revenue shall prima facie be correct, and where the appeal is taken by the taxpayer the burden shall be on the appellant to show that such assessment is incorrect. * * *"

The State argues that appellee (appellant below) failed to carry the burden placed upon it by statute. We disagree.

As we interpret the pertinent portion of Sec. 140, supra, all that it provides is that the burden of going forward with the evidence shall be upon the appellant (appellee here) to show that the assessment is incorrect.

The State in this case subpoenaed all of the parties involved in one way or another as its witnesses. There were approximately twenty-two such persons present in court at the start of the trial. In order to expedite matters, the trial court, by agreement with the state attorneys, as well as defense counsel, allowed the state to present its witnesses first. The defense attorney, under the circumstances, carried his client's burden of going forward with the evidence through the unusual method of cross-examination. Although this is perhaps uncommon, we do not see how it matters so long as the burden was sufficiently carried to affirmatively show that the assessment was incorrect. We believe the record supports the trial court's finding that the burden was carried by the appellee (appellant below).

We have previously indicated that the trial court rendered its decision sitting without a jury. The evidence, of course, was heard ore tenus before the trial judge, and contrary to the assertions made by the state, we find the evidence to have been conflicting.

There are, in fact, many conflicting inferences which can be drawn from the evidence. The following testimony, however, of the manager of the City Wholesale Grocery Company, Inc., Mr. Pete DeChiara, who served in that capacity from 1958 and at least until the time he gave his testimony, is illustrative of the conflict existing in the evidence:

"Q. All right: Now, getting down to the meat in the cocoanut, did you, during the months of July and August, or any other time, on behalf of yourself, or on behalf of the City Wholesale Company, the Appellant, ever affix or allow to be affixed or direct anyone to affix, or were there any affixed, with your

knowledge, any counterfeit or facsimiles of Alabama Tobacco Tax Stamps on any of your cigarettes?

"A. No, Sir."

■ In light of this testimony alone, the evidence was in conflict and, accordingly, where the evidence in a cause is conflicting, the decision of the trial court will be presumed correct on appeal and will not be disturbed unless plainly wrong or unjust. Gibson v. Elba Exchange Bank, 266 Ala. 426, 96 So.2d 756; Alabama Pecan Development Co. v. Case, 266 Ala. 471, 97 So.2d 537.

■ This case was tried before the trial judge, in equity, without a jury; the evidence was heard by the judge ore tenus, and in such cases, strong presumptions in favor of the correctness of the trial judge's decision must, on appeal, be indulged. Such presumptions can only be overcome where it is apparent from the evidence that the trial court's decision was palpably wrong and unjust. Lovelace v. McMillan, 265 Ala. 290, 90 So.2d 822; Talbot v. Braswell, 266 Ala. 578, 98 So.2d 7.

In view of the state of the evidence in this case, we are not unmindful of the burden cast upon the trial judge to sift and weigh all the competent evidence before him and reach what he believed to be a fair and just decision.

We cannot say, in view of the evidence before us, that the decision of the lower court was palpably wrong or unjust.

After a careful and full consideration of all the evidence in the case, we are compelled to sustain the findings of the trial judge. The decree of the lower court is due to be affirmed.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.