244 So.2d 576

**FOOD CENTERS, INC., a Corporation,**

v.

**Cecil DAVIS, d/b/a Cecil Davis Grocery Company, et al.**

**6 Div. 782.**

Supreme Court of Alabama.

Jan. 7, 1971.

Rehearing Denied Feb. 25, 1971.

Frank Parker and Roberts & Davidson, Tuscaloosa, for appellees.

James H. Faulkner, Birmingham, for appellant.

MERRILL, Justice.

This is an appeal from a decree which denied the injunctive relief sought by the appellant against the appellees for the latter's use of a trade name, "Food Center" or "Food Centers," as part of the name of the appellees' retail grocery stores, "Home Food Center."

The complaint alleged that the appellees, "by the use of the sign and words 'HOME FOOD CENTER'" infringed upon the appellant's registered Trade Marks, "FOOD CENTER" and "FOOD CENTERS." The complaint also averred that some people, as a result of the appellees' use of those words, were misled, misinformed and confused, in other words, that the public was actually deceived into the belief that these stores were the same as those operated by the appellant. The complaint averred that the people of Tuscaloosa County were likely to be misinformed, misled and confused to the detriment of the appellant's business.

Testimony was taken ore tenus. The evidence showed that an association had obtained a registration in June, 1951, with the Secretary of State of the names "Food Center" and "Food Centers." That association incorporated in November, 1951, and is the appellant here. The appellant does not have any member stores in Tuscaloosa County, but does have 32 member stores operating in Shelby, Jefferson, St. Clair and Chilton Counties. The appellant has made solicitations for new members in Tuscaloosa County and advertised in two Birmingham newspapers, which were circulated in Tuscaloosa, and their advertising was also transmitted over two Birmingham TV stations. The respondents advertised in the Tuscaloosa News under the name of "Home Food Center." There was no evidence as to when the respondents were organized and began using the name "Home Food Center," but the appellant first became aware of the appellees' use of that name in October, 1967. Advertisements of both organizations were introduced for comparison. The appellees' symbol was a roof design over the word "Home" under which was written "Food Center" in letters about one-third as high as "Home." The appellant's symbol is a solid circle with the words "Food Center" written inside.

The trial judge denied the injunction because it was not shown "that any person had been actually deceived by the use of the trade name, Home Food Center, by the respondents, and furthermore the evidence was not such as to reasonably satisfy the court that the use of the trade name, Home Food Center by the people of the Tuscaloosa area is calculated to deceive the public into the belief that the affairs of the respondents are those of the complainant or that the people of this area are likely to be misinformed, mislead, or confused by the use of such trade name of the respondents."

Assignments of error 1 and 2 are based on the two reasons given by the trial court for reaching the conclusion that an injunction should not be granted.

■ If a decree correctly determines the equities of the case, the reasons upon which the trial court proceeded are unimportant and the case will be affirmed. Cherokee County v. Cunningham, 260 Ala. 1, 68 So.2d 507; Andrews v. Sullivan, 260 Ala. 291, 69 So.2d 870.

A correct decision will not be disturbed because the court gave a wrong or insufficient reason therefor. Cherokee County v. Cunningham, supra; Lambert v. Alabama Farm Bureau Mut. Cas. Ins. Co., 281 Ala. 196, 200 So.2d 656.

We think the trial court reached the correct result but we do not agree that the first reason given by the court was sufficient, by itself, to deny the injunction. We agree with appellant that Fuqua v. Roberts, 269 Ala. 59, 110 So.2d 886, holds that in a suit of this kind, "It is not necessary to show in a bill for injunctive relief only that any person or persons have been actually deceived." Appellees argue that proof of actual deception, of which there was none, is required to prevent a fatal variance between the allegation and the proof. We disagree.

In a suit for injunction in Bobo v. City of Florence, 260 Ala. 239, 69 So.2d 463, we stated it is "well settled that in equity it is not necessary to accurately prove every detail of averment as alleged provided that proof is made of such averments as are essential to the relief sought." Cited in support is Ellis v. Womack, 247 Ala. 254, 23 So.2d 859, which states that "It is not always necessary to prove every allegation of a bill when the bill contains more than is necessary to be proved and the essentials for the relief sought have been proven." See Day v. Andrews, 279 Ala. 563, 188 So.2d 523.

■ Under these authorities, and Fuqua v. Roberts, 269 Ala. 59, 110 So.2d 886, the allegation of actual deception was not necessary to support the action.

■ Here, the trial court was also of the opinion that the evidence of the use of the trade name, "Home Food Center," was not calculated to deceive or likely to deceive the public into the belief that the affairs of the respondents were those of the complainant. This is a valid reason with which we agree. The appellant assigns this finding as assignment of error 2.

Where, as in the instant case, the evidence is taken ore tenus, strong presumptions in favor of the trial judge must be indulged on appeal. Such presumptions can only be overcome where it is apparent that the trial court's decision was palpably wrong and unjust. State v. City Wholesale Grocery Co., 283 Ala. 426, 218 So.2d 140.

■■ In addition, our own examination of the two symbols strengthens our conclusion that the trial court's decision was correct. There is a drastic difference in design and in the use of the words "Food Center." These words are accentuated in appellant's symbol, but are very secondary in appellees' symbol, where the decided accent is on the word "Home." Both the trial court and this court may rely not only on the testimony adduced on the trial but upon its own comparison of the trade marks or trade names used by the parties. American Foods, Inc. v. Golden Flake, Inc., 5th Cir., 312 F.2d 619, and cases there cited. We hold that there is no merit in appellant's assignment of error number 2 which challenged the trial court's finding that there was no likelihood of deception of the public.

■ The only other argued assignment of error charges that the trial court erred in holding that there was no evidence that the complainant corporation succeeded to the right of the trade mark registered with the Secretary of State on June 1, 1951, which the Food Centers Association acquired. It does not appear that had the trial court found that the appellant did succeed to the ownership of the trade mark, that a different result would have followed. We do not believe that the finding of the trial court—that there was no likelihood of deception of the public—would be changed if the court had found that the appellant did succeed in ownership to the trade mark. Therefore, assuming, without deciding, that there may have been some evidence from which an inference could arise that appellant did succeed to the right to use the registered trade mark, no sub-

stantial rights of appellant have probably been injuriously affected in this case. Supreme Court Rule 45.

Affirmed.

LAWSON, HARWOOD, MADDOX and McCALL, JJ., concur.