258 So.2d 726

Glenn NORMAN et al.

v.

JEFFERSON COUNTY, a Political Subdi-
vision of the State of Alabama, et al.

6 Div. 872.

Supreme Court of Alabama.

Feb. 24, 1972.

Speir, Robertson, Jackson & Irons, Birmingmam, for appellants.

Dale Corley, Birmingham, for appellees.

BLOODWORTH, Justice.

Appellants are residents of Jefferson County who filed a bill for a declaratory judgment seeking a declaration of rights under a decision of the county commission of Jefferson County granting a petition for rezoning. Appellees are Jefferson County, the county commission of Jefferson County, Dr. Richard O. Ramer (who filed the rezoning petition), and certain individuals, including the county commissioners. From the decree of the circuit court declaring the action of the county commission to be "confirmed" and "dismissing" the bill of complaint, appellants have appealed to this court.

The pertinent facts are as follows. On February 2, 1971, Dr. Richard O. Ramer filed a petition with the Jefferson County Planning and Zoning Commission request-

ing that a certain tract of land be rezoned from A–1 (agricultural) and R–1 (single family unit residential) to R–4 (multi-family unit residential). Upon receipt of the petition, a committee of three zoning commission members inspected the property. They recommended against the rezoning. The zoning commission then called a public hearing at which appellants, owners of property in the neighborhood, appeared in opposition to the petition. Following the hearing, the planning and zoning commission recommended that the petition be denied. On March 30, 1971, the county commission met in regular session and held a public hearing on the petition. At the hearing, the county commission took the matter under advisement and adjourned. That same afternoon, however, the county commission reconvened in special session and, having viewed the property, rendered a decision granting the petition, and adopting the rezoning.

Appellants and appellees agree that the applicable zoning statutes require that the county commission receive the planning and zoning commission's recommendation before making a final decision on a zoning matter. There being no dispute between the parties on this point, and this being the theory upon which the cause has proceeded, we accept their interpretation.

We first consider appellants' contention that the evidence shows that the county commission had not received the recommendation of the planning and zoning commission when they made the decision to grant appellee Ramer's petition. This, they contend, is a fatal procedural error. Appellants base their argument primarily on the following testimony of Hon. Cooper Green, President of the Jefferson County Commission:

"Q. (BY MR. SPEIR:) Mr. Green, did you check with the—the County Planning and Zoning Commission makes reports and investigates these matters, don't they?

"A. Yes, sir.

"Q. And Mr. Ernest Norris's staff makes reports?

"A. Yes, sir.

"Q. Did they study the matter?

"A. Yes, sir.

"Q. Did you have occasion to check—to check with the zoning staff?

"A. No, sir, except what happened that Tuesday morning when you were there.

"Q. I see. Well, Mr. Green, did you know that—you know Mr. Arlie Norris and Mr. S. W. Smyer, and Mr. Barney Cannon?

"A. Yes, sir.

"Q. Are they members of the Planning Commission?

"A. Yes, sir.

"Q. Mr. Smyer had been chairman of the Planning Commission ever since it was formed in 1949, hadn't he?

"A. Yes, sir.

"Q. Were you advised that they had recommended against the zoning?

"A. No, sir.

"Q. You were not?

"A. No, sir.

"Q. Were you advised that Mr. H. H. Swindel—Mr. Swindel is an employee of the zoning department, isn't he?

"A. Yes, sir.

"Q. And Mr. J. E., James E. Norris is Zoning Administrator, is he not?

"A. Yes, sir.

"Q. Did you know that they had recommended against the property being rezoned, since it could be used for single-family residences, and there was no need for apartments in the area?

"A. No, sir.

"Q. You did not know that?

"A.  No, sir."

Appellees, on the other hand, insist that Mr. Green's testimony is not sufficient to show that the county commission was not advised of the recommendation of the planning and zoning commission.  Rather, they contend this testimony is to the effect that Mr. Green did not know how several of the zoning commission members voted individually, or what was the recommendation of the zoning staff.  Further, appellees insist, the following testimony of Mr. James E. Norris, zoning administrator, clearly shows that the planning and zoning commission did make its recommendation to the county commissioners.

"Q.  (BY MR. SPEIR:)  Now, Mr. Norris, after this committee reported, you stated that it then went to a public hearing, or the normal procedure was for it to go to a public hearing?

"A.  Yes, sir.

"Q.  And I think you testified that was the second Thursday of the month, is that right?

"A.  That is right.

"Q.  And would that have been the second Thursday in what month, or what was the date of the public hearing in this case?

"A.  February the 11th, 1:00 P.M., Room 210, Courthouse.

"Q.  February the 11th, all right, sir, and was such public hearing held?

"A.  Yes, sir.

"Q.  On that date?

"A.  Yes, sir.

"Q.  And was this application presented to the planning commission at that time?

"A.  Yes, sir.

"Q.  And was there a hearing actually by the proponents and opponents of the petition? ..

"A.  Yes, sir.

"Q.  And would you state to the Court the action of the planning—did the planning committee [sic] make any ruling or recommendation on this application?

"A.  Yes, sir.

"Q.  And what was that ruling, sir?

"A.  It would be denied.

"Q.  *Now, when you say it would be denied, do you mean that you recommended to the County Commission that it be denied?*

"A.  *That is right.  That is all the planning committee [sic] does, is recommend.*"  [Emphasis supplied]

This testimony, and its reasonable inferences, suggests to us that Mr. Green did not know how several members of the planning and zoning commission voted, or what recommendations were made by the zoning staff.  We think that the trial judge could find, from Mr. Norris' testimony, that the recommendations of the zoning commission were received by the county commission.  There is no evidence in the record which suggests that the entire commission was not advised of the recommendations of the planning and zoning commission.  (Appellees state in brief that the commission "is a body of fifteen men and women.")  A reading of the resolution of the county commission, rezoning the subject property, indicates that it was advised as to the recommendations of the Jefferson County Planning and Zoning Commission.

Appellants next contend that the decision of county commission was arbitrary and capricious, and constituted "spot zoning."

The eminent and experienced trial judge, who saw and heard the witnesses, found otherwise as to these charges, viz:

"Complainants, adjacent property owners, contend that such a zoning constitutes what is known as 'spot zoning,' is arbitrary and capricious and without

foundation in law or in fact, has no relation to the health, safety, morals and welfare of the residents of Jefferson County, Alabama and constitutes a taking of the property of Complainants and others without due process of law and is unconstitutional; and Complainants further contend that the said County Commission heard objections against the petition of Richard O. Ramer requesting the said reclassification and rezoning on March 30, 1971 and took the matter under advisement and adjourned until April 6, 1971 and met at that latter [former?] date, without notice, at a special session and rendered the decision complained against.

\*   \*   \*   \*   \*   \*

The Court finds that Complainants have not sustained the burden of proof necessary to establish their right to the relief prayed."

■ As this court has so often pronounced, where evidence is taken ore tenus, a strong presumption in favor of the trial court's findings must be indulged on appeal, and such presumption can only be overcome where it is apparent the findings are plainly and palpably wrong and unjust. Food Centers, Inc. v. Davis, 286 Ala. 629, 244 So.2d 576 (1971).

■ Indulging this presumption in the instant case, and after carefully reading the entire record, we cannot say the trial judge's findings are plainly and palpably wrong and unjust.

Nevertheless, appellants contend in brief, viz:

" \*   \*   \* There is no authority, express of [sic] implied, for the County Commision to conduct its decision-making process behind closed doors in an unannounced session as was done on March 30, 1971. The act specifically directs otherwise. Any other procedure constitutes a fatal irregularity in that it is jurisdictional."

Appellees answer this contention as follows:

"Appellants make an issue out of the fact that a 'special meeting' was called on March 30, 1971 after the regular meeting had been adjourned. Mr. Green testified the reason they met was because Appellants' attorney pointed out at the hearing that they would lose jurisdiction on the following Thursday. Although the truth of this assertion was not supported in the Circuit Court hearing, Mr. Green testified that this was the reason for their special meeting later that day. No additional testimony from either side was presented and the act of the Commission was their official act as a governing body."

■ At the outset, we think we ought to observe that we find no evidence in the record to support the assertion that the Jefferson County Commission met "behind closed doors."

We also point out that the trial judge resolved this contention against the appellant. As we have heretofore indicated, we cannot say his findings are plainly and palpably wrong and unjust.

■ Moreover, we have carefully read appellants' brief and note that no authority is cited by appellants for their assertions, save statements in brief, that, "The act specifically directs otherwise." Appellants' argument seems to proceed along the lines that "the legal duty of the County Commissioners," under the act creating the planning and zoning commission, "was to render a decision at the next public meeting." We have read the act referred to, and find nothing in it requiring the county commission to reach a decision during a public meeting.

■ As to whether general or local laws or case law permits the calling of a special meeting of the Jefferson County Commission at which meeting action could be taken rezoning the subject property, we will not undertake to determine because appellant

has made no contention or argument to this effect. Neither are we cited to any applicable authorities governing such an issue.

In the absence of such contention, argument or citation of authorities, we are unwilling to make a determination on an issue with such far reaching implications.

We feel we have adequately disposed of the appellants' contentions made and adequately argued.

Affirmed.

HEFLIN, C. J., and COLEMAN, HARWOOD and McCALL, JJ., concur.

