262 So.2d 607

**Mattie Sue CROWSON et al.**

v.

**Mrs. E. R. (Pearl) MATHIS et al.**

**8 Div. 443 and 443–A.**

Supreme Court of Alabama.

May 18, 1972.

Camp, Page, Williams & Spurrier, Huntsville, for appellees.

Morring, Giles, Willisson, Jefferson & Weir and John Z. Higg, Jr., Huntsville, for appellants.

**494**

BLOODWORTH, Justice.

This is an appeal from a final decree rendered by the Madison County circuit court, in equity, in two cases which were consolidated for trial.

Appellant Mattie Sue Crowson (sister of Furnie Abbott, deceased) filed her bill of complaint against appellees (remaining heirs of deceased) seeking a sale for division of a certain eighteen-acre tract of land (in part owned by deceased) located in Madison County, in which tract she claimed a ¾ interest, and alleged that the remaining ¼ interest belonged to the appellees. Appellees answered this bill alleging, in substance, that the division of interests of the tenants in common (as alleged in the bill) was based upon a purported will of the deceased which they allege was not genuine and was not properly executed.

Thereafter, appellees filed a bill of complaint against appellants Mattie Sue Crowson and her son, Lavoid Crowson, contesting the will of Furnie Abbott, deceased. Appellants Crowson are the sole devisees under the will. Answer to the bill was filed by appellants denying, in substance, the averments of the bill. The cases were then consolidated for trial by order of the court and by agreement of the parties.

The only issue submitted to the trial court in the sale for division case was the respective interests of each party in the real estate. The only issue submitted to the court in the will contest case was whether there was an execution of the will of Furnie Abbott, deceased.

After taking testimony orally, the trial court took the case under submission on December 21, 1970. On March 24, 1971 (the cause still being under submission), solicitors for appellees moved the court to set aside the order of submission and permit the taking of newly discovered additional evidence, not known to appellees at the time of the taking of testimony in the cause. This motion was set down by the trial court for hearing. Thereafter, the court granted the motion and set May 6, 1971, as the day to take the testimony. At this hearing the additional testimony was stipulated by the parties and the cause then submitted to the trial court for final decree.

On June 28, 1971, a final decree was rendered declaring the instrument, admitted to probate as the last will and testament of Furnie Abbott, deceased, "to be invalid and not the last will and testament of Furnie Abbott, deceased." The decree ordered a sale of the property after setting out the interest of each appellant and appellee therein.

Application of appellants for rehearing was overruled on July 30, 1971, and on August 23, 1971 appellants gave notice of appeal. After various extensions of time were granted within which to file the transcript of the evidence and the transcript of the record, this cause was submitted to this court on briefs April 21, 1972.

■ There are only two assignments of error. The first assignment is that the court erred in granting appellees' motion to set aside the original submission to permit the taking of additional testimony. The second assignment is that the court erred in holding that the signature of the testator on the will was not Furnie Abbott's signature.

The first assignment of error is fully answered by this court's decision in Howard v. Cooke, 238 Ala. 317, 191 So. 341 (1939), per Bouldin, J.:

"A Court of Equity has full power to set aside a submission for final decree, and permit the taking of further testimony by both parties. This is a matter of discretion, much as continuances and the like. Such discretion is to be exercised as in the judgment of the Judge the ends of justice require. This rule is now recognized by statute. Code of 1923, § 6645 [now Equity Rule 67]."

Authorities cited by appellants to the contrary are law cases, and are therefore inapposite.

There was no abuse of discretion in this instance. Thus, there was no error in the trial judge's action in setting aside the original submission to permit the taking of additional testimony.

■ The basis for the second assignment of error is the trial court's finding that the instrument admitted to probate is not the last will and testament of Furnie Abbott, deceased. Both sides, on this appeal, proceed on the assumption that the trial court's decree was based on a finding that the instrument in question was not executed by Furnie Abbott. This was the issue submitted to the trial court in the will contest case.

The will, in question, is handwritten in pencil on an 8″ x 10½″ lined sheet of paper. All signatures are likewise in pencil. The instrument is as follows, viz:

"Furnie Abbotts Will

"On this day March 5, 1967 I was asked by Furnie Abbott who is a good friend of mine to write this *Will* for him It will be signed by Furnie hisself because he can not write much other than his name me knowing him being of good sound mind and is over 21 years old and unmarried I have agreed to do this for him with the understanding my name not to be mentioned in any way now I will begin the *Will* as Furnie tells me what to write. I Furnie Abbott of Rt. 2 Toney Alabama in Madison County at my death leave all my personal things and my part of the home place to my sister Mattie sue Crowson and I leave my 40 acres of land to Mattie sue's youngest boy Lavoid Crowson.

s/ Furnie Abbott

Witnessed s/ James Travis

By     s/ John Henry Dixon"

The substance of appellants' argument for reversal is that the validity of the will was prima facie sustained when they offered proof of the execution of the will by both subscribing witnesses, James Vernon Travis and John H. Dixon.

They also point out that they offered testimony that, prior to his death, the testator told appellant Mattie Sue Crowson, his sister and who lived with him, that he had executed a will. There is also testimony for appellants to the effect that testator told James H. Travis (father of James Vernon Travis) that he was going to give the 40-acre tract (not involved in this controversy but mentioned in the will) after his death to Lavoid Crowson, witness' son-in-law, and that he (testator) said he had fixed that up "to that effect."

Appellants offered other testimony to the effect that Mattie Sue Crowson, in the presence of H. L. Shumate, his wife, and Lavoid Crowson, found the will behind testator's bedstead in between the wallpaper and the wall in a little pouch container. Also, there is testimony given by appellant Mattie Sue Crowson to the effect that the signature on the will was genuine.

On the other hand, appellees offered evidence that Travis, one of the witnesses to the will, was a brother-in-law of Lavoid Crowson, one of the beneficiaries. Appellees' evidence was to the effect that all of appellants' witnesses, with the exception of witness Dixon, were related by blood or marriage to one or more of the beneficiaries under the will.

Additionally, the testimony of C. D. Brooks, an examiner of questioned documents since 1957, and formerly a state toxicologist, was offered by appellees (the contestants). He testified as to his methods and procedures for examining questioned documents. He also testified as to his procedures in the present case, particularly, that he compared Furnie Abbott's signature on six copies of ASCS Cotton Program papers, admittedly signed by deceased, with the signature on the will. Mr. Brooks also presented in evidence enlarged photographs

**496**

of the signatures on these exhibits and on the will, which he compared in detail.

Further, Brooks testified, in his opinion, that the person who wrote the signatures on the ASCS papers "was not the one who wrote the signature Furnie Abbott on the bottom or near the bottom of the will." (As we have heretofore pointed out the signatures of Furnie Abbott on the ASCS papers were testified to as being genuine by at least one of appellants' witnesses.) Thus, Mr. Brooks' testimony is to the effect that the signature on the will is not Furnie Abbott's signature.

Appellees also offered testimony to show that witness H. L. Shumate contacted one Basil Banks, after testator's death, to ask Banks to have his son, a member of the law firm representing appellees on this appeal, to draft a will for Furnie Abbott. Mr. Banks did contact one Duncan Hamilton, a member of that firm, who drafted the will, which draft was introduced into evidence. It bequeathed the estate of the deceased to appellant Mattie Sue Crowson.

In rebuttal to this testimony, appellants have attempted to cast doubts on the credibility of Brooks' testimony. They point out that he admitted the writing on the will was smudged, as were the exemplars, that he never examined the originals of the ASCS papers, that he did not say the will signature was not written by Abbott, that he only said it was not signed by the same person who signed the ASCS papers.

In substance, appellants' argument, in their brief, is that "the preponderance of the evidence is for the execution of the will * * * however, regardless of this, the validity of the will must be maintained since the proponents' theory is at least as probable as the theory on which argument for invalidity is based." Appellants cite several cases for this proposition, among them: Ray v. McClelland, 274 Ala. 363, 148 So.2d 221 (1963); Massey v. Reynolds, 213 Ala. 178, 104 So. 494 (1925). .

"The following rule as to wills has been declared in this court in Woodruff v. Hundley, 133 Ala. 395, 402, 32 So. 570, * * * on applications to probate a will when contested:

"'If any theory consistent with the validity of the will can be suggested, which appears to the court to be as probable as the theory on which the argument for the invalidity is based, the will as found must be maintained.'"

Massey v. Reynolds, 213 Ala. at 181, 104 So. at 496, supra. See also Ray v. McClelland, supra.

Nevertheless, we must be mindful of the fact that all of the evidence was submitted orally before the trial court, except for that stipulated on the re-submission. Further, the trial judge had (as we have) the original will before him. He has had an opportunity to examine its provisions and the circumstances under which it was found. He has been able to compare the signature on the purported will with the signature exemplars. However, he has had one opportunity we have not had—to see and hear the witnesses as they testified. If the appellants' (proponents') witnesses were to be believed, it appears to us he should have sustained the validity of the will. If the appellees' (contestants') witnesses were to be believed, he should have decreed the invalidity of the will.

We are once again reminded of the strong presumptions in favor of the trial court's findings, and that they will not be disturbed, on appeal, unless plainly and palpably wrong. Food Centers, Inc. v. Davis, 286 Ala. 629, 244 So.2d 576 (1971); Norman v. Jefferson County, 288 Ala. 146, 258 So.2d 726 (1972).

We cannot, of course substitute our judgment for that of the trial court on the effect of the conflicting evidence, dealing with a pivotal question of fact. Howell v. Hallett Mfg. Co., 278 Ala. 316, 178 So.2d 94 (1965).

In view of the presumptions in favor of the trial court's findings, and after a careful consideration of the issues presented to us on this appeal, we are of the opinion

that the trial court's decree should stand affirmed.

Affirmed.

HEFLIN, C. J., and COLEMAN, MADDOX and McCALL, JJ., concur.