148 So. 398

## BIRMINGHAM NEWS CO. v. LITTLE.

### 6 Div. 283.

Supreme Court of Alabama.
May 25, 1933.

Jarrett Abercrombie, of Birmingham, for appellee.

R. B. Evins, of Birmingham, for appellant.

ANDERSON, Chief Justice.

We think that the proof established a private nuisance or one as to which the plaintiff suffered a special injury different in kind from the public generally. The evidence tended to show that his yard, or premises, was constantly and continuously littered with paper either thrown, or negligently permitted to escape, by those charged with the handling of the defendant's papers. This, of itself, though the damage may have been trifling, put the trial court in error in giving the general charge for the defendant and justified granting the motion for a new trial. It is suggested by counsel for appellant that the plaintiff should not recover upon this theory of the case because the evidence shows that some of the paper, or trash, went upon the lot of a neighbor also, and that he suffered injury common to the public, but different only in degree. Section 9274 of the Code of 1923, in defining a public and private nui-

sance, does not require that the injury must be sustained by only the plaintiff to give the right to complain. It says: "A private nuisance is one limited in its injurious effect to one or a few individuals." Here, the escape and throwing the paper and waste was limited to a few, the plaintiff and one neighbor.

As to the other phase of the case, that is, noise entering upon the premises, etc., it may be doubtful if that was a public nuisance. Certainly what was done on plaintiff's premises was private, and, while the noise or boisterous conduct may have annoyed others besides the plaintiff, it could not have annoyed the public generally, but was confined to the plaintiff and a few neighbors only within hearing distance. But conceding, only for the purpose of deciding this case, that it was a public nuisance, yet it may have been one of such character that injured the plaintiff specially, and different in kind from the public generally. Alabama, G. S. R. R. v. Barclay, 178 Ala. 124, 59 So. 169; First Ave. Coal & Lumber Co. v. Johnson, 171 Ala. 470, 54 So. 598, 32 L. R. A. (N. S.) 522. Or as said by the Massachusetts court: "A nuisance may be at the same time of both a public and private character, which status may give an individual a civil right of action for damages, and may abate it as a private nuisance, though it might be also abated as a public nuisance." 6 Mayfield's Digest, page 680, § 6.

It is next urged that the defendant was entitled to the general charge for the reason that some of the things averred were not proven, relying on the cases of Gilmer v. Wallace, 75 Ala. 220, and Southern Railway Co. v. Lee, 167 Ala. 268, 52 So. 648. It is sufficient to say that these unproved averments were not essential to a cause of action, and it was not therefore necessary to prove each of them. Southern Railway Co. v. Lee, supra; Birmingham Railway & Electric Co. v. Baylor, 101 Ala. 488, 13 So. 793.

The judgment of the circuit court is affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.