23 So.2d 859

### ELLIS et al. v. WOMACK.
### 7 Div. 818.

Supreme Court of Alabama.
Nov. 23, 1945.

Irby A. Keener, of Centre, for appellee.

Reed & Reed, of Centre, for appellants.

FOSTER, Justice.

This is an appeal by respondents in a suit to quiet title to forty acres of land filed by appellee. The bill of complaint contained the averment that the complainant now owns and is in the actual peaceable possession of forty acres of land in question.

It was not necessary to allege either that the complainant was the owner of the land or was in the actual possession of it. The statute, section 1109, Title 7, Code, authorizes the relief sought by a person who is in peaceable possession either actual or constructive, and claiming to own the same, other essentials existing.

But proof of actual possession is prima facie evidence of ownership. Gilliland v. Armstrong, 196 Ala. 513, 71 So. 700; Brookside-Pratt Mining Co. v. McAlister, 196 Ala. 110, 72 So. 18.

Appellants contend that having made the allegation that the complainant was in the actual possession, it is necessary to prove actual possession as distinguished from constructive possession, although it was not necessary to allege that complainant was in the actual possession.

It is not always necessary to prove every allegation of a bill when the bill contains more than is necessary to be proved and the essentials for the relief

256

sought have been proven. Hicks v. Biddle, 218 Ala. 2 (3), 117 So. 688; Kelly v. Tatum, 222 Ala. 655 (6), 133 So. 703; Birmingham News Co. v. Little, 226 Ala. 642, 148 So. 398; 30 Corpus Juris Secundum Equity, § 440, p. 845.

But it is our opinion, as we will show, that the evidence sufficiently shows the actual as well as the peaceable possession by complainant at the time the suit was brought.

■ The proof on behalf of complainant showed a complete chain of title from the original patentee together with a copy of the record of the patent. Appellants complain that some of the deeds in this chain of title were not recorded, and seem to think some benefit should have been derived from that circumstance. We note that the execution of those deeds was duly proven, and that they were over thirty years old at the time of the trial (Alexander v. Wheeler, 78 Ala. 167); and so there is no question as to their admissibility as evidence of title, and are not limited to a color of title. Appellants do not claim by conveyance from any of the grantors in the deeds which were not recorded. Blocker v. Boyd, 242 Ala. 345, 6 So.2d 19; Prince v. Carter, 186 Ala. 535, 65 So. 326; Tennessee C., I. & R. R. Co. v. Gardner, 131 Ala. 599, 62 So. 622; 66 Corpus Juris 1137, § 971.

■ The office of the recording statute as to deeds, section 102, Title 47, Code, is for the purpose of giving notice of the contents of such deeds to subsequent purchasers from the grantors, judgment creditors and others named in section 120, Title 47, Code, and not for the purpose of influencing otherwise the conveyance of the title thereby attempted to be made. The record of the deeds under which appellants claim does not reflect upon the showing of title of complainant. They have no bearing upon it. Complainant did not claim from any of them.

The evidence satisfactorily shows that the complainant obtained a conveyance of the forty acres in question from B. L. Garner on February 9, 1939; that B. L. Garner had received a conveyance of it from his brother J. S. Garner on December 4, 1917. The land was principally woodland. B. L. Garner also owned the forty acres adjoining this on the west where there was a dwelling house in which he lived, and he had caused some eight or ten acres of the land on this tract to be cleared and it was cultivated from year to year. It was thought that the dwelling house was on the forty acres in question, but later the survey showed it was not. He sold the forty acres not in question to another person. During all the twenty-two years in which B. L. Garner claimed the forty acres in question he put it to such nature of use as it was susceptible: he sold timber off of it and caused the cleared land to be cultivated, and there was no other claim of possession made known to him.

■ The complainant in this case likewise assumed control of the land, cultivated the patch, and had no notice of any other claim until shortly before this suit was brought when he undertook to sell the timber, and at that time the respondents made known their claim and forbade complainant from selling the timber. It then developed that appellants had been paying taxes on the land for sometime, and they introduced in evidence deeds in a chain of title extending back to 1874; but none of the parties connected with the chain of title offered by appellants had any connection or privity with the parties to the chain of title offered by complainant, and although it extended back to 1874, when one William Garmony executed a deed, there is no evidence of what his claim was or that he had possession of it, and evidence of actual possession on the part of any of the parties shown in said chain of title is wholly unsatisfactory.

It is our view therefore that complainant has carried the burden of proving ownership as well as actual possession.

■ The situation which we have described does not show a scrambling possession. Payment of taxes and a claim of title are not sufficient evidence of possession to defeat the right of complainant. Montgomery v. Spears, 218 Ala. 160, 117 So. 753.

We have reached the conclusion therefore that there was no error in the decree granting relief to complainant, and holding that appellants have no right, title or interest in the land in suit, and that insofar as they are concerned the complainant has title in fee simple.

Affirmed.

GARDNER, C. J., and THOMAS and LAWSON, JJ., concur.