54 So.2d 320

## PHILLIPS v. DERRICK et al.

### 8 Div. 944.

Court of Appeals of Alabama.
Oct. 2, 1951.

Patrick W. Richardson, Huntsville, for appellant.

Claude H. Pipes and Jas. H. Butler, Huntsville, for appellees.

HARWOOD, Judge.

By a plea in short by consent issue was joined in the court below on the following count in plaintiff's complaint: "Plaintiff claims of defendant the sum of $500 as damages for that heretofore on, to-wit, the 15th day of August, 1949, the defendants, who were then the owners and/or operators of an establishment licensed for the sale of alcoholic beverages in or near the City of Huntsville, in Madison County, Alabama, in violation of law sold or furnished to one J. T. Hughes, who was then a minor aged 17 years, and who was then employed by plaintiff as driver of plaintiff's delivery vehicle, a quantity of alcoholic beverages from the drinking of which the said J. T. Hughes became intoxicated and wrecked plaintiff's said delivery vehicle, a 1946 Jeep Station Wagon, greatly damaging same, and plaintiff avers that the said injury to his said vehicle was proximately caused by the aforesaid intoxication of said J. T. Hughes, and plaintiff further avers that the aforesaid intoxication of the said J. T. Hughes was proximately caused by the defendant's aforesaid sale of intoxicating beverages to the said J. T. Hughes, contrary to law, as aforsaid."

For the plaintiff one J. T. Hughes testified that in August 1949 he was 18 years of age, and was employed by the plaintiff as driver of a delivery truck.

During the morning of 15th day of August 1949, he visited the Stephens Cafe in Huntsville on three occasions. Each time he consumed three bottles of beer, and each time was served by the defendant Derrick.

His third visit to the cafe was made during his noon lunch hour. When he left the cafe after this visit he could not see clearly, could not walk straight, and was drunk.

He got into the delivery truck, drove about three blocks up the street, turned around and started back down the street. When he reached a point sixty feet beyond the cafe the truck turned over, swapped ends, and was damaged. This witness did not know how fast he was driving when this happened.

Plaintiff also introduced evidence tending to show that the truck was damaged in the amount of $500 by the wreck.

At the conclusion of the plaintiff's case the court granted the defendants' motion to exclude the evidence presented by the plaintiff. From the argument of defendants' counsel in support of said motion we gather that the basis of the motion was that the plaintiff had failed to offer any evidence tending to show that the defendants were licensees for the sale of alcoholic beverages, as averred in the complaint, and thus "not within the meaning of the law which makes it unlawful for a licensee to sell intoxicating beverages to a minor."

The court granted the defendants' motion to exclude the plaintiff's evidence, and this ruling is the sole question involved in this appeal.

It is our opinion that the lower court erred in granting the motion to exclude the evidence so far as concerns the defendant Derrick.

The right of the plaintiff, if any, must be deemed to spring from Section 121, Title 7, Code of Alabama 1940, which pro-

vides: "Every wife, child, parent, or other person who shall be injured in person, or property, or means of support by any intoxicated person, or in consequence of the intoxication of any person, shall have a right of action against any person who shall by selling, giving or otherwise disposing of to another, contrary to the provisions of law, any liquors or beverages, cause the intoxication of such person, for all damages actually sustained, as well as exemplary damages."

The above section evidences a policy on the part of the law-making body to discourage the illegal sale of alcoholic beverages. Further, by the very terms of the enactment the person injured by the illegal sale of alcoholic beverages is not held to the usual standards of proof of causal connection between the illegal sale of the beverages and the injury. See Bistline v. Ney Bros., 134 Iowa 172, 111 N.W. 422, and annotation thereto in 13 L.R.A.,N.S., 1158.

Under Section 121, supra, this plaintiff made out a prima facie case when he introduced evidence tending to show injury to property by an intoxicated person who had been furnished alcoholic beverages by the defendant in violation of law. The evidence introduced by the plaintiff tended to establish these elements as to the defendant Derrick.

No merit attaches to appellee Derrick's contention that the motion to exclude the evidence should have been granted because of the plaintiff's failure to present evidence directed toward showing that he was a licensee, as averred in the complaint.

It is not necessary for a plaintiff to prove those allegations of his complaint which are not essential to his cause of action he states and relies upon. Birmingham News Co. v. Little, 226 Ala. 642, 148 So. 398; Pure Oil Co. v. Cooper, 248 Ala. 58, 26 So.2d 249; Ellis v. Womack, 247 Ala. 254, 23 So.2d 859; Harper v. Griffin Lumber Co., 250 Ala. 339, 34 So.2d 148.

It was not necessary for the plaintiff to aver that the defendants were licensees where the complaint showed that the person to whom the beverage was sold was a minor, for such a sale is in contravention of law by whomsoever made. Sale of intoxicating beverages by a licensed dealer to a minor is unlawful under the provisions of Section 36 (2), Title 29, Code of Alabama 1940, and any sale of such beverages, other than a lawful sale by a licensed dealer in a wet county is illegal. The sale or furnishing of prohibited alcoholic beverages to a minor is therefore unlawful whether made by a licensee in a wet county, or by a non-licensee in any territory in this State.

Under the evidence adduced as to the defendant (appellee) Derrick, the lower court erred in granting the motion to exclude the evidence.

The only evidence introduced by the plaintiff pertaining to the defendant Shepard was the testimony of the witness Hughes that on at least one occasion Shepard was present in Stephens Cafe when Derrick sold him the beer. The record is lacking in any evidence tending to show that Shepard was connected with the Stephens Cafe, or with Derrick. In other words, there was no evidence tending in any wise to connect Shepard with the sale of the beer to Hughes. On this basis the court correctly granted the motion to exclude the plaintiff's evidence, in so far as the defendant Shepard is concerned.

It is our conclusion therefore that as to the defendant Derrick the court erred in granting the motion to exclude the evidence, and this cause should be reversed as to the defendant Derrick, but because of what has been said above, the court properly granted the motion as to the defendant Shepard. As to him the cause should be affirmed. It is so ordered.

Reversed and remanded as to appellee K. S. Derrick, but affirmed as to appellee Clifton Shepard.