While incarcerated in the Baldwin County Jail, Charles McCorkle, the appellant, cut his wrist with a razor blade in what he contends was an attempt to commit suicide. He was convicted of violating Section 13A-14-1, Code of Alabama (1975), entitled "Maiming one's self to escape duty or obtain alms." He was sentenced as an habitual offender to fifteen years' imprisonment. Section 13A-14-1 provides:
 "Every person who, with design to disable himself from performing a legal duty, existing or anticipated, shall inflict upon himself an injury whereby he is so disabled and every person who shall so injure himself with intent to avail himself of such injury to excite sympathy or to obtain alms or some charitable relief shall be guilty of a felony."
McCorkle contends that this statute is unconstitutionally vague and indefinite.
"As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolenderv. Lawson, ___ U.S. ___, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903
(1983) (citations omitted). A statute challenged for vagueness must therefore be scrutinized to determine whether it provides both fair notice to the public that certain conduct is proscribed and minimal guidelines to aid officials in the enforcement of that proscription. See Kolender, supra; Graynedv. City of Rockford, 408 U.S. 104, 92 S.Ct. 2294,33 L.Ed.2d 222 (1972). If the statute "either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application", it is void for vagueness. Connally v.General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127,70 L.Ed. 322 (1926).
Section 13A-14-1 prohibits the self-infliction of injuries with either the design to avoid the performance of a legal duty or the intent to excite sympathy or obtain alms or charitable relief. The injury contemplated by the statute appears to be an injury which disables one from performing a legal duty. No guidance, however, is offered as to what is encompassed by the term "legal duty".
"Where a statute does not define a term, a court must . . . give words their common and ordinary meaning, absent some established technical definition, unless the legislature intended otherwise." High Ol' Times, Inc. v. Busbee,673 F.2d 1225, 1229 (11th Cir. 1982). The term "legal duty" has several established meanings. It may refer strictly to those duties imposed by statute, *Page 686 
such as filing income tax returns, Section 40-18-27, Code of Alabama (1975), or giving information and rendering aid in the event of an automobile accident, Section 32-10-2, Code, supra. It may also refer to the duties voluntarily assumed by entering into a contract. In negligence law, "legal duty" generally refers to a duty to exercise due care to prevent injury to another. See 65 C.J.S. Negligence Section 4 (1) (1966). In that context, the duty may vary from case to case depending on the circumstances involved, C.J.S., supra, Section 4 (2), and the social conditions of the moment, see W. Prosser, The Law ofTorts, Section 53 (4th ed. 1971).
These are the usual definitions attributed to "legal duty". See Black's Law Dictionary 804 (5th ed. 1979). They are not, however, exhaustive. For instance, if there is a legal duty to live, it is not imposed by statute,[1] contract, or negligence law.
We are constrained to agree with McCorkle that Section13A-14-1 is unconstitutionally vague and indefinite. The statute prohibits self-inflicted injuries which would disable one from performing a legal duty, yet fails to define "legal duty". Without some indication of what legal duties are contemplated, there is no way to determine whether an injury comes within the purview of the statute. Clearly, the statute fails to adequately apprise the public of what conduct is prohibited. Even more importantly, the statute fails to provide the required minimal guidelines for enforcement and would allow arbitrary and discriminatory prosecution based on the police officers', prosecutors' and juries' perception of "legal duty". See Kolender, 103 S.Ct. at 1858-59.
The judgment of the circuit court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.
[1] The current criminal code does not contain a provision prohibiting suicide.