Wilbert O. DuPont appeals from a partial summary judgment in favor of defendant Yellow Cab Company of Birmingham, Inc. ("Yellow Cab"), in this action to recover damages for breach of contract. We affirm.
Yellow Cab contracted with the Birmingham Board of Education ("the Board") to transport physically handicapped students in the Birmingham school system. The contract provided, in pertinent part, as follows:
 ". . . Yellow Cab will transport the physically handicapped students of the Birmingham School System . . . and in connection therewith will furnish all necessary vehicles and personnel and will supply fuel, insurance, licenses and vehicle tags and will perform all maintenance and make all repairs to the equipment so as to keep it in a safe and efficient operating condition at all times."
Yellow Cab subcontracted with DuPont's employer, Metro Limousine and Leasing Company ("Metro"), to provide transportation in connection with its contract with the Board. Thereafter, Metro purchased two buses from Yellow Cab to use in transporting the students. DuPont was injured when the brakes on the bus that he was driving failed, causing the bus to collide with a tree. DuPont sued Yellow Cab, along with others, alleging that under its contract with the Board Yellow Cab had a nondelegable duty to properly maintain the bus so as to keep it in a safe operating condition; that that duty flowed to him as an intended third-party beneficiary of the contract; and that Yellow Cab had breached the contract by failing to properly maintain the bus. The trial court entered a partial summary judgment in favor of Yellow Cab, stating that it could find no evidence tending to show that DuPont was an intended third-party beneficiary under the contract between the Board and Yellow Cab. That judgment was made final pursuant to Rule 54(b), A.R.Civ.P.
DuPont argues on appeal, as he did in the trial court, that there is a triable issue of fact as to whether he was an intended third-party beneficiary of the contract between the Board and Yellow Cab. Yellow Cab argues, on the other hand, that there is no evidence from which it can be reasonably inferred that DuPont was an intended third-party beneficiary of its contract with the Board. Yellow Cab argues, in the alternative, that it had no contract with the Board because, it says, by accepting the subcontracting services of Metro, the Board formed a new contract with Metro by way of a novation.
Summary judgment was proper in this case if there was no genuine issue of material fact and Yellow Cab was entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. The burden was on Yellow Cab to make a prima facie showing that no genuine issue of material fact existed and that it was entitled to a judgment as a matter of law. If that showing was made, then the burden shifted to DuPont to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against him. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412
(Ala. 1990). In determining whether there was a genuine issue of material fact, this Court must view the evidence in a light most favorable to DuPont and must resolve all *Page 192 
reasonable doubts against Yellow Cab. Because this action was pending on June 11, 1987, the applicable standard of review is the "scintilla of evidence" rule. Ala. Code 1975, § 12-21-12.
Initially, we note that the record does not support Yellow Cab's argument that, as a matter of law, a new contract was formed between Metro and the Board by way of a novation and that the effect of it was to release Yellow Cab from liability under its contract with the Board. We simply cannot conclude from the evidence that, as a matter of law, the Board relieved Yellow Cab of its obligations under the contract and established a new contract with Metro for the transportation of the students. See Warrior Drilling Engineering Co. v. King,446 So.2d 31 (Ala. 1984).
We do agree, however, that the record supports the trial court's entry of summary judgment. In Holley v. St. Paul Fire Marine Insurance Co., 396 So.2d 75 (Ala. 1981), this Court reiterated the well-established rule that one who seeks recovery in contract as a third-party beneficiary must establish that the contract was intended for his direct, as opposed to his incidental, benefit. After reviewing the record, we conclude that Yellow Cab established that it was entitled to a judgment as a matter of law. The only reasonable inference that could be drawn from the evidence was that the contract between Yellow Cab and the Board was intended to bestow a direct benefit on the students who were to be transported under the terms of the contract, not on DuPont. In opposition to the motion, DuPont argued that there could be drawn from the evidence a reasonable inference that Yellow Cab and the Board contracted to directly benefit not only the students, but also the one person who would routinely be aboard the bus while it was in service — the driver. The trial court reasoned, however, that although DuPont's safety was indeed contingent on the bus's being properly maintained, this fact alone did not warrant a reasonable inference that the contracting parties intended to bestow upon DuPont a direct benefit under the contract. We agree. At the time it contracted with the Board to transport the students, Yellow Cab was under an obligation, independent of the contract, to maintain its fleet of vehicles for the safety of its drivers. Ala. Code 1975, § 25-1-1. Furthermore, Yellow Cab was subject to the Alabama Workmen's Compensation Act, Ala. Code 1975, § 25-5-1 et seq. ("the Act"). Likewise, every company, including Metro, that might have been reasonably contemplated by Yellow Cab as a potential subcontractor was under the same obligation to maintain its vehicles for the safety of its drivers and was also subject to the Act. Consequently, we think the only reasonable inference that can be drawn from the evidence is that Yellow Cab contracted with the Board with full knowledge that the driver of a vehicle used in connection with the transportation of the students was owed a duty of due care, independent of the contract, and would be compensated under the Act for his personal injuries in the event of an accident. This leads us to the conclusion that the primary objective of the contract between Yellow Cab and the Board was to impose on Yellow Cab a nondelegable duty to maintain the vehicles, thereby further ensuring the safe and efficient transportation of the students. Yellow Cab's promise to the Board to properly maintain the vehicles that were to be used in the transportation of the students simply cannot be reasonably construed as intending primarily to benefit DuPont. Instead, it appears to us that Yellow Cab's promise to stand behind the maintenance of the vehicles, notwithstanding the fact that certain transportation services might be provided through a subcontractor, was a material, bargained-for provision in the contract to further ensure the safety of the students. Any benefit derived by DuPont from the contractual undertaking of Yellow Cab was, necessarily, incidental.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED. *Page 193 
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, STEAGALL and KENNEDY, JJ., concur.
JONES, J., dissents.