On February 28, 1987, Kang-Ling Liao suffered severe and permanent injuries when the automobile in which she was riding was struck by an automobile that was owned by Eric Blaylock and that was being driven by Christopher King.[1] Blaylock was *Page 777 
riding in the automobile with King at the time of the collision; both Blaylock and King were intoxicated.
Kang-Ling Liao's mother, Young Yu-Mei Liao, as curator for her daughter's estate, sued King, alleging that he had acted negligently or wantonly in operating the automobile and that his actions were the proximate cause of her daughter's injuries. She sued Blaylock, alleging that he had negligently entrusted his automobile to King and that, in doing so, he had also caused her daughter's injuries. The plaintiff also sued Harry's Bar and the Bar's owner, James Harry Hammonds (Harry's Bar and Hammonds will hereinafter be referred to as "Harry's Bar" or "the bar"), under the cause of action created by Ala. Code 1975, § 6-5-71, alleging that the bar had illegally sold or furnished alcoholic beverages to King and Blaylock and that, in consequence thereof, her daughter had been injured. The plaintiff sued Steve and Marcia Baten and Jeffrey Mitchell, also under § 6-5-71, alleging that they had illegally furnished alcoholic beverages to Blaylock; that, consequently, Blaylock had negligently entrusted his automobile to King; and that, as a result, her daughter had been injured. The plaintiff reached a pro tanto settlement with Blaylock and King, based on their combined insurance policy limits of $375,000, and they were dismissed from the suit.[2] Blaylock and King are not parties to this appeal. Summary judgments were later entered in favor of the remaining defendants. The plaintiff appealed. We affirm.
 Facts
The undisputed material facts are as follows: Several hours prior to the accident, King met his friend Blaylock at Harry's Bar, where each of them drank several beers while watching a basketball game on television. King, whose date of birth is March 13, 1966, was 13 days short of his 21st birthday. Blaylock, whose date of birth is March 30, 1967, was 30 days short of his 20th birthday. Blaylock did not directly purchase beer from the bar; instead, he gave his money to other people and they purchased the beer for him. Blaylock observed King drinking beer at the bar; however, he did not pay any attention to how much beer King actually drank. While they were in the bar, neither King nor Blaylock acted in such a manner as to appear to be intoxicated. Eventually, King and Blaylock left Harry's Bar and drove to a wedding reception at the home of Steve and Marcia Baten, which the Batens were hosting in honor of Jeffrey Mitchell and his bride, Laurie. King and Blaylock had been invited by Laurie; however, neither of them had been invited by Mitchell. King and Blaylock were, at best, casual acquaintances of Mitchell's. Mitchell had seen King four or five times prior to the reception, one of those times being in a bar, and he had seen Blaylock only once prior to the reception, but had never spoken with him. Mitchell did not know, nor did he have any reason to know, that Blaylock was 19 years of age.
Mitchell provided champagne for the guests at the reception. The Batens did not provide any alcoholic beverages. While at the reception, King and Blaylock each drank four to six glasses of champagne. Blaylock observed King drinking champagne at the reception; however, he did not observe exactly how much champagne King drank. King did not appear to be intoxicated at the reception. Mitchell did not personally serve any champagne to King or Blaylock; he did not observe either King or Blaylock drinking champagne; and he did not notice how long King and Blaylock remained at the reception. Upon leaving the reception, Blaylock allowed King to drive Blaylock's automobile. The accident occurred shortly thereafter.
 Standard of Review
The summary judgments for the defendants in this case were proper only if there *Page 778 
were no genuine issues of material fact and the defendants were entitled to judgments as a matter of law. Rule 56, A.R.Civ.P. The burden was on the defendants to make prima facie showings that no genuine issues of material fact existed and that they were entitled to judgments as a matter of law. If those showings were made, then the burden shifted to the plaintiff to present evidence creating a genuine issue of material fact, so as to avoid the entry of judgments against her. DuPont v.Yellow Cab Co., 565 So.2d 190 (Ala. 1990). In determining whether there were genuine issues of material fact, this Court must view the evidence in a light most favorable to the plaintiff and must resolve all reasonable doubts against the defendants. Because this action was pending on June 11, 1987, the applicable standard of review is the "scintilla of evidence" rule. Ala. Code 1975, § 12-21-12.
Discussion concerning the propriety ofthe summary judgments: (a) Harry's Bar
Section 6-5-71 reads, in pertinent part, as follows:
 "(a) Every wife, child, parent or other person who shall be injured in person, property or means of support by any intoxicated person or in consequence of the intoxication of any person shall have a right of action against any person who shall, by selling, giving or otherwise disposing of to another, contrary to the provisions of law, any liquors or beverages, cause the intoxication of such person for all damages actually sustained, as well as exemplary damages."
This section created a civil cause of action against a person who, contrary to law, causes the intoxication of another by providing the other person with alcoholic beverages, when the plaintiff is injured because of the intoxication. The term that most narrowly limits this cause of action is the requirement that the furnishing of the alcoholic beverages be "contrary to . . . law." Martin v. Watts,513 So.2d 958 (Ala. 1987).
Ala. Code 1975, § 28-3-49(a), states that the rules promulgated by the Alabama Alcoholic Beverage Control Board "have the full force and effect of law." Chapter 20-X-6.02(4) of the Rules of the Alabama Alcoholic Beverage Control Board provides: "No on premise licensee may serve a person any alcoholic beverage if such person is acting in such a manner as to appear to be intoxicated." See Vol. 1, Alabama Administrative Code.
Ala. Code 1975, § 28-3A-25, in pertinent part, provides:
"(a) It shall be unlawful:
 "(3) For any licensee . . . either directly or by the servants, agents or employees of the same, or for any servant, agent, or employee of the same, to sell, deliver, furnish or give away alcoholic beverages to any minor, or to permit any minor to drink or consume any alcoholic beverages on licensee's premises."
Ala. Code 1975, § 28-3-1, in pertinent part, states:
 "The following words or phrases, whenever they appear in [§ 28-3A-25], . . . unless the context clearly indicates otherwise, shall have the meaning ascribed to them in this section:
". . . .
 "(18) Minor. Any person under 21 years of age, except a person 19 years of age or older prior to October 1, 1985, is not a minor; provided, however, in the event [Ala. Code 1975, § 28-1-5] shall be repealed or otherwise shall be no longer in effect, thereafter the provisions of [Ala. Code 1975, § 26-1-1] shall govern."[3] *Page 779 
Thus, § 28-3A-25(a)(3) made it unlawful for a licensee, or the servants, agents, or employees of a licensee, to sell or to otherwise furnish alcoholic beverages to a person under 21 years of age, unless that person was 19 years of age or older prior to October 1, 1985. That section also made it unlawful for a licensee, or the servants, agents, or employees of a licensee, to permit a person under 21 years of age to consume alcoholic beverages on the licensee's premises, unless that person was 19 years of age or older prior to October 1, 1985.
The plaintiff contends that the summary judgment for Harry's Bar was improper because, she says, the record contains at least a scintilla of evidence that it sold or furnished beer to King; that King was visibly intoxicated at the time the beer was sold or furnished to him; that the sale or furnishing of the beer to King was in violation of Chapter 20-X-6.02(4); and that the sale or furnishing of the beer to King caused or contributed to her daughter's death. The plaintiff also contends that there is at least a scintilla of evidence that Harry's Bar sold or furnished beer to Blaylock; that Blaylock was visibly intoxicated at the time the beer was sold or furnished to him; that the sale or furnishing of the beer to Blaylock was in violation of Chapter 20-X-6.02(4); that the sale or furnishing of the beer to Blaylock, who was approximately one-month short of his 20th birthday on the day of the accident, was also in violation of §28-3A-25(a)(3);[4] and that, in consequence thereof, Blaylock negligently entrusted his automobile to King when they left the reception.
Harry's Bar contends that the summary judgment in its favor was proper. Pointing out that the undisputed evidence shows that neither King nor Blaylock ever became visibly intoxicated while at the bar, it argues that the sale or furnishing of the beer to them was not contrary to Chapter 20-X-6.02(4). Harry's Bar also points out that the undisputed evidence shows that Blaylock was not directly sold or furnished alcoholic beverages while he was at the bar. It argues that, as a result, there was no violation of § 28-3A-25(a)(3).
Harry's Bar is correct in arguing that the undisputed evidence shows that although King and Blaylock drank beer at the bar, neither of them ever became visibly intoxicated while there. Consequently, no violation of Chapter 20-X-6.02(4) was shown.
Contrary to its assertions, however, Harry's Bar did not make a prima facie showing that no beer was sold or furnished to Blaylock in violation of § 28-3A-25(a)(3). It is true that the bar presented evidence tending to show that Blaylock gave his *Page 780 
money to other people and that those people purchased the beer for him. It is also true that this evidence constituted a prima facie showing that no beer was "directly" sold or furnished to Blaylock. The plaintiff presented no evidence tending to show otherwise; however, in Laymon v. Braddock,544 So.2d 900 (Ala. 1989), this Court explained that when alcohol is being purchased the licensee has a duty to ascertain that the purchaser is not underage. The Court further noted that a licensee cannot escape liability for selling or furnishing alcohol to an underage person by participating in a "second-party sale subterfuge that was known to, and . . . participated in by," the licensee. 544 So.2d at 903. Because Harry's Bar made no prima facie showing that it did not participate in such a subterfuge, the burden never shifted to the plaintiff to submit evidence that it did. Accordingly, the summary judgment for Harry's Bar could not have been properly based on the ground that no violation of § 28-3A-25(a)(3) occurred.
However, as previously noted, Harry's Bar did establish that King never became visibly intoxicated, either at the bar or at the reception. Furthermore, it is undisputed that Blaylock paid no attention to the amount of beer that King drank at the bar or to the amount of champagne that he drank at the reception. Thus, the undisputed evidence shows only that King never became visibly intoxicated while he was with Blaylock and that when he left the reception, Blaylock was not aware of exactly how much beer King had drunk at the bar or how much champagne he had drunk at the reception. To prevail against Harry's Bar under § 6-5-71, the plaintiff had to present evidence tending to show that her daughter's injuries were in consequence of Blaylock's negligent entrustment of his automobile to King, and that Blaylock's negligence in entrusting the automobile to King had been induced by a state of intoxication brought on by the beer that Blaylock had illegally consumed at Harry's Bar. To succeed under a cause of action for negligent entrustment, however, a plaintiff must prove that the entruster knew or had a reason to know of the entrustee's incompetent condition or proclivities. Brown v. Vanity Fair Mills, Inc.,291 Ala. 80, 277 So.2d 893 (1973). Even viewing the evidence in the light most favorable to the plaintiff, as our standard of review requires, we conclude that no reasonable inference can be drawn that Blaylock knew, or should have known, when he and King left the reception that King was not sufficiently alert to operate an automobile. The summary judgment for Harry's Bar was, therefore, proper.
 (b) Steve and Marcia Baten
The plaintiff contends that the summary judgment entered in favor of the Batens was also improper because, she argues, there is at least a scintilla of evidence that they illegally furnished champagne to Blaylock during the reception and that, in consequence thereof, Blaylock negligently entrusted his automobile to King. The Batens maintain that the undisputed evidence shows that although they hosted the wedding reception, they did not provide the champagne. Thus, they argue, the summary judgment in their favor was also proper.
There are no facts to support an allegation that the Batens provided any of the champagne consumed by the guests at the reception. One of the essential elements of a cause of action under § 6-5-71 is that the defendant provided alcoholic beverages to the intoxicated person who caused the injury. The undisputed evidence shows that the Batens did not provide the champagne for the reception; therefore, the summary judgment in their favor was proper. Martin v. Watts, supra; Smoyer v.Birmingham Area Chamber of Commerce, 517 So.2d 585 (Ala. 1987).
Furthermore, we note that even if the Batens had furnished the champagne, the lack of any evidence tending to show that Blaylock knew, or should have known, when he left the reception that King was incompetent to operate an automobile would be just as fatal to the plaintiff's theory of recovery against the Batens as it was to her theory of recovery against Harry's Bar. *Page 781 
We also note that our research has failed to discover any constitutional provision or any statute that makes it a criminal offense for a nonlicensee/social host to furnish alcoholic beverages to a person 19 years of age. Therefore, we must again conclude that even if the Batens had provided the champagne, the summary judgment in their favor would be proper because there would have been no violation of law.
The plaintiff's reliance on Martin v. Watts, supra, in support of her argument that the furnishing of alcoholic beverages by a nonlicensee/social host to a person 19 years of age constitutes a violation of law, is misplaced. In that case, this Court was concerned with the willful furnishing of alcoholic beverages by the defendants to two high school students, one 17 years of age and the other 18 years of age. The furnishing of the alcoholic beverages to those students was a clear violation of law. See Ala. Code 1975, § 12-15-13 ("Causing, etc., of delinquency, dependency or need of supervision of children").[5] However, *Page 782 
§ 12-15-13 is not applicable when alcoholic beverages are furnished to a person 19 years of age. See § 12-15-1(3), which does not include a person 19 years of age within the definition of a "child."
The summary judgment for the Batens was proper.
 Jeffrey Mitchell
The plaintiff's theory of recovery against Mitchell is essentially the same as her theory of recovery against the Batens. That is, she contends that Mitchell furnished the champagne to Blaylock and that, in consequence thereof, Blaylock negligently entrusted his automobile to King. Acknowledging that he furnished champagne to the guests at the reception, Mitchell contends that the summary judgment in his favor was nonetheless proper because, he says, there is no evidence tending to show that he had a duty to prevent Blaylock from drinking it.
As previously noted, Mitchell's furnishing of champagne to Blaylock was not a violation of law; therefore, the plaintiff's claim based on § 6-5-71 must fail. Furthermore, as previously noted, the evidence is undisputed that Blaylock neither knew nor had sufficient reason to know when he left the reception with King that King was incompetent to operate an automobile; thus, the plaintiff's failure to submit proof of one of the essential elements of a negligent entrustment cause of action also required the entry of a judgment for Mitchell as a matter of law.
The summary judgment for Mitchell was proper.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.
[1] The driver of the automobile in which Ms. Liao was riding, Chao Heng Peng, was killed. The accident rendered Ms. Liao permanently brain-damaged and comatose.
[2] King was convicted of manslaughter in connection with the death of Chao Heng Peng and of second degree assault in connection with Ms. Liao's injuries.
[3] Section 26-1-1 reads, in pertinent part, as follows:
 "(a) Any person in this state, at the arrival at the age of 19 years, shall be relieved of his disabilities of minority and thereafter shall have the same legal rights and abilities as persons over 21 years of age. No law of this state shall discriminate for or against any person between and including the ages of 19 and 21 years solely on the basis of age.
 "(b) This section shall also apply to any person who arrived at the age of 19 and 20 years before July 22, 1975, but shall not abrogate any defense or abridge any remedy available to him prior to such date.
 "(c) All laws or parts of laws which read 'under the age of 21 years' hereafter shall read 'under the age of 19 years.' Wherever the words 'under the age of 21 years' appear in any law limiting the legal rights and abilities of persons under such age, such words shall be construed to mean under the age of 19 years."
Section 28-1-5 provides:
 "Notwithstanding the provisions of section 26-1-1, it shall be unlawful for a person less than 21 years of age to purchase, consume, possess or to transport any alcohol, liquor or malt or brewed beverages within the state of Alabama. Notwithstanding any other provision of this section, it shall not be unlawful for any alcoholic beverage control board licensee to employ any person under the legal drinking age to work, provided there is an adult in attendance at all times. It shall be permissible to employ persons in an on-premise licensed establishment under legal drinking age such as professional entertainers, show people, musicians, cashiers, hostesses, ushers, waiters and waitresses, busboys or girls, and the like, provided they do not serve, dispense or consume alcoholic beverages and there is an adult in attendance at all times.
 "Whoever violates this section shall be fined not less than $25.00 nor more than $100.00, or imprisoned in the county jail for not more than 30 days or both; provided further, that juvenile offenders shall not be held in the county jail, but shall be held, either before or after sentencing, in a juvenile detention facility pursuant to the guidelines of the department of youth services, which shall be separate and apart from adult offenders.
 "Persons 19 years of age or older prior to October 1, 1985, are hereby expressly exempt from the provisions of this section."
[4] Blaylock was not 19 years of age or older prior to October 1, 1985; King was. Therefore, the sale or furnishing of the beer to King was not in violation of §28-3A-25(a)(3).
[5] After noting that the furnishing of the alcoholic beverages to the students was a "clear violation of law," the Court stated:
 "The legislature has prohibited all use of alcoholic beverages by minors. Code 1975, § 28-3A-25(a)(19). Pullen and Bradford were both minors when the lake party was held. See Code 1975, § 28-3A-2(18); cf. Acts 1986, No. 86-212, § 2, effective April 1, 1986. It was the clearly stated intent of the legislature that these minors not have access to alcoholic beverages. It has long been recognized that 'The sale or furnishing of prohibited alcoholic beverages to a minor is . . . unlawful whether made by a licensee in a wet county, or by a nonlicensee in any territory in this State.' Phillips v. Derrick, 36 Ala. App. 244, 54 So.2d 320
(1951)."
It is true that the Legislature has clearly stated its intent that a person under 21 years of age not have access to alcoholic beverages, unless that person was 19 years of age or older prior to October 1, 1985. Section 28-3A-25(a)(19) makes it unlawful for a person of such age to "attempt to purchase, to purchase, consume, possess or to transport any alcoholic beverages within the state." See, also, § 28-1-5, supra, at n. 3. However, neither § 28-3A-25(a)(19) nor § 28-1-5
imposes criminal penalties on a nonlicensee/social host for furnishing alcoholic beverages to a person 19 years of age. Our responsibility is to apply these sections according to the intent of the Legislature. In discerning that intent, we must look solely to the language of these sections, unless it appears that the wording is ambiguous or leads to a result that the Legislature could not have intended. Alabama IndustrialBank v. State ex rel. Avinger, 286 Ala. 59, 237 So.2d 108
(1970). The wording of §§ 28-3A-25(a)(19) and 28-1-5 is not ambiguous. These sections merely make it unlawful for a person under the age of 21 years to "attempt to purchase, to purchase, consume, possess or to transport any alcoholic beverages," § 28-3A-25(a)(19), or to "purchase, consume, possess, or to transport any alcohol, liquor or malt or brewed beverages," § 28-1-5, within this state, unless that person was 19 years of age or older prior to October 1, 1985. It is not for us to surmise why the Legislature has chosen not to impose criminal penalties on a nonlicensee/social host for furnishing alcoholic beverages to a person 19 years of age or older, when it could have easily done so. It would be a violation of Ala. Const., Art. I, § 7 ("Accusation, arrest, and detention; punishment limited to laws established prior to offense"), and Art. III, § 43 ("Separation of powers"), for this Court to construe §§ 28-3A-25(a)(19) and 28-1-5 to impose criminal penalties on a nonlicensee/social host for gratuitously furnishing alcoholic beverages to a person under 21 years of age, unless that person was 19 years of age or older prior to October 1, 1985.
We also point out that Phillips v. Derrick,36 Ala. App. 244, 54 So.2d 320 (1951), cited in Martin v.Watts, was not apt authority for the proposition that a non-licensee/social host can be liable for furnishing (other than by a sale) alcoholic beverages to a minor. Phillips v.Derrick involved a claim for damages by Phillips under § 121, Title 7, Code of Alabama 1940 (now § 6-5-71), for the alleged sale of alcoholic beverages by Derrick to a minor at the Stephens Cafe in Huntsville. Derrick contended that the trial court had correctly granted his motion to exclude the evidence because the plaintiff had failed to present evidence tending to show that he was a licensee, as alleged in the complaint. The Court of Appeals stated as follows:
 "It was not necessary for the plaintiff to aver that the [defendant was a licensee] where the complaint showed that the person to whom the beverage was sold was a minor, for such a sale is in contravention of law by whomsoever made. Sale of intoxicating beverages by a licensed dealer to a minor is unlawful under the provisions of Section 36(2), Title 29, Code of Alabama 1940, and any sale of such beverages, other than a lawful sale by a licensed dealer in a wet county is illegal. The sale or furnishing of prohibited alcoholic beverages to a minor is therefore unlawful whether made by a licensee in a wet county, or by a nonlicensee in any territory in this State."
36 Ala. App. at 246, 54 So.2d at 322.
A fair reading of the case reveals that the court inDerrick was in no way concerned with whether it was a violation of law for a nonlicensee/social host to furnish (other than by a sale) alcoholic beverages to a minor. The Court noted that if Derrick was a licensee and had sold the alcoholic beverages to the minor, then he had violated § 36(2), Title 29, Code of Alabama 1940, and that if he had not procured a license, then he was operating in violation of the state's liquor licensing laws.