MADDOX, Justice.
Irma Lee Hill, as administratrix of the estate of her husband, Houston Michael Hill (“Michael”), sues herself, as adminis-tratrix of the estate of her husband’s brother, Timothy A. Hill, alleging that Michael’s death was' proximately caused by Timothy’s negligence. Both men died in a fire at Timothy’s house during the night of December 2, 1989.[1]
The issue presented is whether the trial court properly entered the summary judgment in favor of Timothy’s estate on the ground that Ms. Hill, as administratrix of Michael’s estate, failed to present substantial evidence that Timothy’s negligence proximately caused Michael’s death. We affirm.
The relevant facts are undisputed. Michael and Timothy were asleep when the fire started, and no one else was present in the house at the time. There were no witnesses.
Ms. Hill, as administratrix of Michael’s estate, contends that summary judgment was not proper because, she says, there was substantial evidence: 1) that Timothy and Michael were the only people at the scene when the fire occurred; 2) that Timothy was intoxicated at the time of the fire, and there was no trace of alcohol or other drugs in Michael’s blood (this contention is based on the deposition testimony of Laura Shevlin, a toxicologist with the Alabama Department of Forensic Sciences); and 3) that “[t]he fire had to have started either as the result of a negligent act of Timothy, *176 or as the result of the condition of the home which Timothy negligently allowed to exist and/or failed to correct which caused the fire.” Scott Pilgreen, a deputy fire marshal for the State of Alabama, stated in his report that the fire was of an undetermined origin but was not suspicious, but he stated the following in answer to a question:
“I can tell you that Mother Nature didn’t cause it, and according to the people from Alagasco [Alabama Gas Company], the gas meter did not cause it. As far as it being electrical, smoking, or some other accidental reason, or intentionally set fire, I can’t rule those three possibilities out, so therefore it’s written as undetermined. That’s as specific as I can get.”
As stated previously, the relevant facts are not disputed. The fire started, according to Pilgreen, in the living room. He testified that there was heavy damage to the north wall of that room. Pilgreen also testified that he found an ashtray near the north wall of the living room, and there was evidence that Timothy was a heavy smoker.
Laura Shevlin, a State toxicologist, testified at her deposition that she found traces of alcohol in Timothy’s blood but not in Michael’s blood.
We first state our scope of review. A summary judgment is proper if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. The movant has the burden of making a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. If the movant makes such a showing, the burden then shifts to the nonmovant (in this case that is Ms. Hill as plaintiff, the administratrix of Michael’s estate), to present evidence creating a genuine issue of material fact. E.g., DuPont v. Yellow Cab Co. of Birmingham, Inc., 565 So.2d 190 (Ala.1990). In determining whether a genuine issue of material fact existed in this case, this Court must view the evidence in a light most favorable to Ms. Hill as the plaintiff. Because this action was not pending on June 11, 1987, the standard of review is the “substantial evidence” rule. Ala.Code 1975, § 12-21-12.[2]
Viewing the evidence in a light most favorable to Ms. Hill as the plaintiff, we find that Ms. Hill as defendant made a prima facie showing that no genuine issue of material fact existed and that as defendant she was entitled to a judgment as a matter of law. Ms. Hill as plaintiff contends that she presented substantial evidence that either an electrical problem caused the fire or else Timothy somehow negligently caused the fire, perhaps by falling asleep while intoxicated and smoking a cigarette or cigar, and that in either case her showing constituted substantial evidence that Timothy was responsible for Michael’s death in the fire. We cannot agree with her argument. Pilgreen, the deputy fire marshal, determined that the wiring was normal and that the cause of the fire was unknown.
"Speculation and conclusory allegations are insufficient to create a genuine issue for trial.” Bogle v. Scheer, 512 So.2d 1336, 1340 (Ala.1987). Ms. Hill as plaintiff presented no substantial evidence of causation. Ms. Hill as defendant, therefore, was entitled to a judgment as a matter of law. See, e.g., Bell v. Colony Apartments Co., Ltd.., 568 So.2d 805, 807 (Ala.1990).
The trial court properly entered the summary judgment. That judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.

. Irma Lee Hill, Michael’s widow and adminis-tratrix of his estate, originally sued Patricia Hill, Timothy’s widow, for wrongful death, alleging that Patricia knew that the house in which Michael and Timothy died had had electrical problems but had done nothing to correct them. On August 13, 1991, the trial court granted Patricia Hill’s motion for summary judgment, because Irma Lee Hill presented no evidence of causation. On September 9, 1991, Irma Lee Hill, as administratrix of Michael’s estate filed the present lawsuit against herself, as administratrix of Timothy's estate, alleging that Michael’s death was caused by Timothy’s negligence. Hill, as defendant, filed a motion to dismiss, based on the ground of res judicata or collateral estoppel, claiming that the issue of causation had been decided against Patricia in the earlier action. She also alleged on behalf of Timothy's estate that the complaint failed to state a claim upon which relief could be granted. Hill, as defendant, later amended her motion to dismiss to assert that Hill, as plaintiff, had failed to state a claim upon which relief could be granted, based on the interrogatories and answers filed in the earlier action against Patricia Hill and a report of a deputy fire marshal. The trial court also considered the depositions of the deputy fire marshal and the deposition testimony of a state toxicologist, and thus treated the motion to dismiss as a motion for summary judgment. Rule 56, Ala.R.Civ.P.; Committee Comments. The trial court held a hearing on January 9, 1992, and granted the motion for summary judgment on February 3, 1992, on the basis that there was no genuine issue of material fact and that Hill, as defendant, was entitled to a judgment as a matter of law. Hill, as plaintiff, then appealed from that judgment, and that summary judgment is the judgment we consider in this opinion.

. "Substantial evidence” is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).