The appellant, Robert Wayne Senf, was charged by separate complaints with four instances of contributing to the delinquency of a child, in violation of Ala. Code 1975, § 12-15-13. These charges resulted from the appellant's permitting a group of teenagers to use his residence to hold a party at which beer was available to and was consumed by the teenagers. The appellant was first tried in juvenile court, where he was adjudged guilty and was sentenced on all four charges. His appeal to this Court from those convictions was dismissed, Senf v. State, 595 So.2d 925 (Ala.Cr.App. 1991) (Table), and the cases were remanded for trial de novo in circuit court, see Rule 28(B), A.R.Juv.P. The circuit court, sitting without a jury, adjudged the appellant guilty on all four charges and sentenced him to six months' imprisonment in the county jail on each conviction, with the sentences to run concurrently. The appellant was also fined $100 and was ordered to pay court costs and $50 to the Crime Victims' Compensation Fund in each case.
Prior to trial, the appellant filed written motions to dismiss the four cases. These motions alleged that § 12-15-13 is unconstitutionally vague and indefinite and that the complaints against the appellant are not sufficient to apprise him of the nature of the charges against him. At the beginning of the bench trial, the trial court summarily denied the motions to dismiss without any discussion thereof. R. 5. In this appeal, the appellant reasserts his constitutional challenge of § 12-15-13 and his challenge of the sufficiency of the complaints. He also contends that the evidence is not sufficient to support his convictions.
 I
It is well settled that, in order to pass constitutional muster, a penal statute must "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858,75 L.Ed.2d 903 (1983) (citations omitted).
 "Due process requires that all 'be informed as to what the State commands or forbids,' Lanzetta v. New Jersey, 306 U.S. 451, 453, 59 S.Ct. 618, 619, *Page 437 83 L.Ed. 888 (1939), and that 'men of common intelligence' not be forced to guess at the meaning of the criminal law. Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322
(1926)."
Smith v. Goguen, 415 U.S. 566, 574, 94 S.Ct. 1242, 1248,39 L.Ed.2d 605 (1974). However, because "[t]he essential purpose of the 'void for vagueness' doctrine is to warn individuals of the criminal consequences of their conduct," Jordan v. DeGeorge, 341 U.S. 223, 230, 71 S.Ct. 703, 707, 95 L.Ed. 886
(1951), "[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness," Parker v. Levy,417 U.S. 733, 756, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439 (1974), "even though the statute may well be vague as applied to others," Aiello v. City of Wilmington, 623 F.2d 845, 850 (3d Cir. 1980).[1] Therefore, a defendant who challenges a statute on the grounds of vagueness "must demonstrate that the statute under attack is vague as applied to his own conduct, regardless of the potentially vague applications to others." Aiello,623 F.2d at 850 (emphasis added). Accord Rode v. Dellarciprete,845 F.2d 1195, 1199-1200 (3d Cir. 1988). The appellant in this case has failed to meet this burden.
The first sentence of § 12-15-13(a) provides that
 "[i]t shall be unlawful for any parent, guardian or other person to willfully aid, encourage or cause any child to become or remain delinquent, dependent or in need of supervision or by words, acts, threats, commands or persuasions, to induce or endeavor to induce, aid or encourage any child to do or perform any act or to follow any course of conduct which would cause or manifestly tend to cause such child to become or remain delinquent, dependent or in need of supervision or by the neglect of any lawful duty or in any other manner contribute to the delinquency, dependency or need of supervision of a child."
As used in § 12-15-13, a "child" is "an individual under the age of 18, or under 19 years of age and before the juvenile court for a matter arising before that individual's 18th birthday," § 12-15-1(3); a "delinquent child" is "[a] child who has committed a delinquent act and is in need of care or rehabilitation," § 12-15-1(9); and a "delinquent act" is any "act committed by a child that is designated a violation, misdemeanor or felony offense under the law of this state," § 12-15-1(8).
The first sentence of § 12-15-13 essentially sets forth four alternative means by which the offense of contributing to the delinquency of a child may be committed:[2] (1) "willfully aid[ing], encourag[ing] or caus[ing]" a person under the age of 18 to commit a violation, misdemeanor, or felony; (2) using "words, acts, threats, commands or persuasions, to induce or endeavor to induce, aid or encourage" a person under the age of 18 to engage in any act or course of conduct that "would cause or manifestly tend to cause such child to" commit a violation, misdemeanor, or felony; (3) "neglect[ing] . . . [a] lawful duty . . . [thereby] contribut[ing] to the" commission of a violation, misdemeanor, or felony by a person under the age of 18; and (4) "in any other manner contribut[ing]" to the commission of a violation, misdemeanor, or felony by a person under the age of 18. The third and fourth alternatives may well be *Page 438 
unconstitutionally vague;[3] however, the appellant was not charged under either of those alternatives. The appellant was charged under the first and second alternatives, which might be considered vague in the context of some conduct not here at issue,[4] but which we find sufficiently clear to have apprised the appellant that his particular conduct was criminal.
In this state, it is a misdemeanor for persons under the age of 21 "to purchase, consume, possess or to transport" any alcoholic beverage. § 28-1-5; § 28-3A-25(a)(19), (b)(2). Consequently, one who willfully furnishes alcoholic beverages to persons under the age of 18 clearly violates both the first and second alternatives of § 12-15-13(a). See Liao v. Harry'sBar, 574 So.2d 775, 781 (Ala. 1990); Martin v. Watts,513 So.2d 958, 963 (Ala. 1987).
Briefly summarized, the State's evidence tended to show that the appellant agreed to allow a group of teenagers to hold a party at his house. A keg of beer was brought to the party by one of the teenagers and, when it was empty, a second keg of beer was obtained by the appellant. A number of the teenagers attending the party were under the age of 18 and many of these teenagers consumed beer on the appellant's premises. The first and second alternatives of § 12-15-13(a) are sufficiently definite to warn the appellant that his conduct was prohibited.
 II
The appellant contends that the complaints are not sufficient to apprise him of the nature of the charges against him. To support this contention, he relies upon his argument that § 12-15-13 is unconstitutionally vague. Having determined in Part I that § 12-15-13 is not vague as applied to the appellant's conduct, this second argument must also fail.
The appellant further asserts that the complaints are insufficient because the prosecution failed "to allege some nexus between Appellant's actions and the named minor children being delinquent." Appellant's brief at 15. As noted above in Part I, the appellant was charged under the first and second alternatives of § 12-15-13(a). The complaints charged that the appellant
 "did aid and encourage [a named individual], a minor child under eighteen years of age to become delinquent, or has, by words, acts of omission, threats, commands, or persuasion, induced or endeavored to induce, aided or encouraged said child in such county to do or perform an act or to follow a course of conduct which would cause or manifestly tend to cause such child to become or remain delinquent, dependent or in need of supervision, in that [the appellant] did, within said 12 months [before the commencement of this prosecution], within said county, aid, encourage and accompany said minor child to attend a party at his home and to have access to kegs of beer at a party with minors in possession of it, and such other acts which are detrimental to the general health and welfare of the said minor child. . . ."
A charging instrument must "apprise the accused not only of the nature of the offense, *Page 439 
but also of the particular act or means by which it was committed." Harrison v. State, 384 So.2d 641, 643 (Ala.Cr.App. 1980). Although the factual allegations are inartfully phrased, a fair reading of the complaints indicate that the appellant was charged with contributing to the delinquency of the named children by aiding them in the commission of the misdemeanor offense of possessing alcohol. The "nexus" between the appellant's actions and the commission of delinquent acts by the children is apparent from the complaints.
 III
The appellant argues that the evidence was insufficient to support his convictions. Specifically, he contends that the State failed to prove "a nexus between any actions of Appellant and any of the named minors becoming delinquent." Appellant's brief at 19.
B.D.S.[5] testified that in December 1990, he arranged through a mutual acquaintance to hold a party at the appellant's residence in Loachapoka, Alabama. B.D.S. was 17 years old at the time. Prior to the party, B.D.S. distributed at his high school flyers on which appeared the words "Nasty Brew IV," a drawing depicting two beer kegs, and a map to the appellant's residence. B.D.S. testified that he was "known for the nasty brew parties," that this was "the fourth party [he had] had," and that he had "engineered" the three previous parties also. R. 26. On cross-examination, B.D.S. acknowledged that the three previous parties had not been held at the appellant's house, that he had "never even met" the appellant until the day of the party, and that the appellant "was just somebody that somebody else talked into letting some people have a party there." R. 27. He further stated that he "doubt[ed]" that he had shown the appellant the "Nasty Brew IV" flyer. R. 27.
On the day of the party, December 8, 1990, B.D.S. went to the appellant's house to help the band set up. He took with him a keg of beer that had been purchased by a third party. The appellant was at his residence when B.D.S. and the members of the band arrived. According to B.D.S., the appellant "brought us down to the basement and we put the keg in the corner of the basement." R. 14. Although B.D.S. did not "remember any specific conversation" about where to place the keg and the band, he stated that the appellant "was down there with us when we were setting everything up." R. 15.
B.D.S. stated that "the largest number of people at the party at any one time" was "possibly two hundred." R. 17. According to B.D.S., he was acquainted with most of the people attending the party and "[n]ot more than two or three" of those in attendance were adults. R. 17. Although B.D.S. attempted to collect $3.00 from everyone attending the party who drank beer, he did not check anyone's identification. B.D.S. testified that the appellant was present at the party at times: "He'd come downstairs for a while and then he'd go back upstairs. He kind of wandered back and forth." R. 19. B.D.S. stated that the appellant did not collect money, check anyone's identification, or attempt to exercise any control over the dispensing of the beer.
The keg of beer that B.D.S. had brought to the appellant's house ran out at some point in the evening. B.D.S. testified that he gave the appellant money to purchase another keg and that the appellant "went back into Auburn and bought another keg." R. 20. Beer from this second keg was dispensed at the party. According to B.D.S., "[p]robably over a hundred and less than two hundred people" became intoxicated at the party. R. 28. "Just about all of" those who became intoxicated were minors. Id.
Sometime after the second keg was tapped, students from a rival high school arrived and began drinking beer. Subsequently, a fight broke out in the appellant's yard. During this fight, a vehicle was damaged and one person received injuries requiring medical treatment. The appellant called the sheriff's department and the *Page 440 
party broke up upon the arrival of a deputy sheriff.
The appellant, who was then a graduate student at Auburn University, made two statements to a sheriff's department investigator concerning the party held at his residence. In the first statement, which was given on December 9, the appellant acknowledged that he "knew some people [at the party] were underage," although he maintained that he "didn't know who was drinking." CR. 37. In the second statement, which was given December 10, the appellant told the investigator that
 "[b]ack on December 8, 1990, [B.D.S.] asked me to go get a keg of beer. He gave me about $51.00 and me and a guy, I don't know his name, went in his car to the A P in Auburn. I bought the keg of beer and the guy put it in the back seat and we went back to the party at my house. I don't know who took the keg inside." CR. 38.
S.G., D.P.R., R.T.B., and K.M., the children named in the four complaints against the appellant, all testified that they attended the party at the appellant's house and that they drank beer while they were there. R. 32, 42, 53, 64. At the time of the party, S.G. and K.M. were 17 years old and D.P.R. and R.T.B. were 16 years old. None of the four were adjudicated delinquent on the basis of having possessed or consumed alcohol in violation of § 28-1-5 or § 28-3A-25(a)(19). D.P.R., R.T.B., and K.M. testified that they had been adjudicated delinquent on criminal mischief and assault charges arising out of the fight that occurred in the appellant's front yard. S.G. testified that she had not been adjudicated delinquent on any charge connected with attending the party.
As we observed in Part II, the complaints charge the appellant with contributing to the delinquency of the named children by aiding them in the commission of the misdemeanor offense of possessing alcohol. The State's evidence was clearly sufficient to support convictions for such charges — the appellant knew that underage teenagers were present at the party; he purchased a keg of beer at the request of one of the underage teenagers; the four children named in the complaints all appeared to have arrived at the party after the keg purchased by the appellant was tapped; and all four were, at least temporarily, in possession of the beer they consumed. While the appellant may not have known at the outset what type of party he had agreed to permit and who might attend, he was clearly in possession of this knowledge by the time he purchased the second keg.
It is not necessary that the named children have been adjudicated delinquent on the basis of possessing or consuming alcohol. Alabama subscribes to the majority view that a defendant may be convicted of contributing to the delinquency of a child regardless of whether the child actually commits a delinquent act or has been adjudicated delinquent on the underlying offense. See Smithson v. State, 34 Ala. App. 343,347, 39 So.2d 678, 681 (1949);[6] see generally, Annot., 18 A.L.R.3d 824, § 2 (1968). The rationale for this position is that statutes such as § 12-15-13 are intended to protect children from persons who would seek to aid, encourage, cause, or induce them to become delinquent, as well as to punish the persons who succeed in those aims. See Annot, 18 A.L.R.3d at 827; Smithson, 34 Ala. App. at 347, 39 So.2d at 681. We note that, in this particular case, the named children actually committed the misdemeanor offense of possessing and consuming an alcoholic beverage. The evidence is clearly sufficient to support the conclusion that the appellant willfully aided them in doing so. See Liao v. Harry's Bar, 574 So.2d at 781
(discussing Martin v. Watts, 513 So.2d 958 (Ala. 1987), wherein "th[e] Court was concerned with the willful furnishing of alcoholic beverages by the defendants to two high school students, one [of whom was] 17 years of age. . . . The furnishing of the alcoholic *Page 441 
beverages to [the 17-year-old student] was a clear violation of law. See Ala. Code 1975, § 12-15-13.").
For the reasons stated above, the judgments of the circuit court are affirmed.
AFFIRMED.
All Judges concur.
[1] We note that where a statute is challenged as unconstitutionally overbroad, a defendant "whose speech or conduct may not itself be constitutionally protected may assert the rights of hypothetical third parties whose protected activities might be chilled by the statute." Aiello,623 F.2d at 850. See also Brockett v. Spokane Arcades, Inc.,472 U.S. 491, 105 S.Ct. 2794, 86 L.Ed.2d 394 (1985). The appellant, however, has challenged § 12-15-13 only as being unconstitutionally vague.
[2] Section 12-15-13(a) also provides that two specific forms of conduct — employing or aiding in the employment of a child in violation of the child labor laws and failing to require a child "to attend school as required by the compulsory attendance law" — constitute the offense of contributing to the delinquency of a child. Neither of these specific forms of conduct are involved in this case.
[3] Neither § 12-15-13(a) nor § 12-15-1 provides a definition of "legal duty" as that term is used in the third alternative. InMcCorkle v. State, 446 So.2d 684, 686 (Ala.Cr.App. 1983), we held that § 13A-41-1, which "prohibits self-inflicted injuries [that] would disable one from performing a legal duty, yet fails to define 'legal duty,' " is unconstitutionally vague. The fourth alternative simply prohibits "contribut[ing]" to the delinquency of a child, without specifying how that might be accomplished and, consequently, does not appear to give fair warning of what conduct will be prosecuted.
[4] See Entertainment Ventures, Inc. v. Brewer, 306 F. Supp. 802,819 (M.D.Ala. 1969) (holding that "[p]hrases such as 'to cause any child to become delinquent,' [and] 'to induce, aid, or encourage any child' . . . [found in predecessor statute to § 12-15-13] cannot meet the strict standard of specificity required in a criminal statute affecting expression protected by the first amendment"); State v. Hodges, 254 Or. 21,457 P.2d 491, 492 (1969) (holding that statute that made it unlawful for a person to "do[ ] any act which manifestly tends to cause any child to become a delinquent child" is unconstitutionally vague). But see State v. Shamrani, 370 So.2d 1 (Fla. 1979) (upholding statute containing language similar to first and second alternatives of § 12-15-13(a) against vagueness challenge).
[5] The anonymity of the juveniles is preserved as required by Rule 52, A.R.App.P.
[6] While we question the particular result in Smithson, we have no quarrel with its adoption of the general principle that the child need not actually commit a delinquent act or be adjudicated delinquent in order to convict a defendant of contributing to the delinquency of that child.